## MENZIES et ux. v. BLUM.
### No. 9772.

Court of Civil Appeals of Texas. Austin.

March 9, 1949.

Rehearing Denied March 30, 1949.

Smith, Rotsch & Steakley and Cecil C. Rotsch, all of Austin, for appellant.

Coleman Gay, of Austin, for appellee.

HUGHES, Justice.

This suit involves the liability of a husband for damages for breach of an executory contract to sell the family homestead.

Appellee, O. W. Blum, excepted to the petition of appellants George C. Menzies and wife, Estelle S. Menzies, on the ground that since it was therein admitted that the property, the subject matter of the contract, was the homestead of appellee and his wife, no cause of action was alleged. This exception was sustained and appellants declining to amend, their suit was dismissed.

Appellants' petition contained these averments:

"Although the defendant and his wife, Bee Blum, had each entered into and signed said written contract as alleged above, the defendant failed and refused and still fails and refuses to carry out the terms thereof in that he failed and refused and still fails and refuses to deliver a deed conveying said property to the plaintiffs and failed and refused and still fails and refuses to give possession of said property to the plaintiffs; and the plaintiffs have called on the defendant and have demanded of him to carry out the terms of said contract and deliver the plaintiff's a deed and give them possession of said property, but the defendant has failed and refused and still fails and refuses to deliver a deed and give possession of said property.

"When the plaintiffs first demanded on or about November 1, 1947, that the defendant deliver to the plaintiffs a deed to said real property and that the defendant give the plaintiffs possession of said property, as alleged above, the defendant refused to deliver such deed and give possession, stating as his reason that he could not find another house and lot of equal value that he could buy for the amount of money he was to receive for the house in question, that is, for

the sum of $12,500.00, and for that reason he would not comply with the contract and would not deliver a deed and give possession to the plaintiffs, and the defendant for that reason asked the plaintiffs not to enforce said contract. But, thereafter the plaintiffs advised the defendant that they, the plaintiffs, were going to enforce said contract by legal process or file suit for damages against the defendant for having breached said contract; and the defendant then advised the plaintiffs that said property located at 2007 Mountain View, Austin, Texas, was the homestead of said defendant, O. W. Blum, and his wife, Bee Blum. At the time the plaintiffs and the defendant, and his wife, made and entered into said contract, on or about October 4, 1947, the plaintiffs did not know that said property was the homestead of the defendant and his wife, and the plaintiffs did not know that the defendant would subsequently fail and refuse to carry out the terms of said contract and fail and refuse to deliver to the plaintiffs a deed to said premises and fail and refuse to deliver possession of the same. The plaintiffs hereby now admit that said real property was and is up to the date of the filing of this pleading the homestead of the said O. W. Blum and his wife, Bee Blum; but, the plaintiffs further allege and say as a fact that the defendant did not refuse and has never refused to comply with said contract and deliver a deed and give possession of said property on account of said property being the homestead of him and his wife, but in truth and in fact the defendant has refused and still refuses to comply with said contract and deliver the plaintiffs a deed and give the plaintiffs possession of said property solely because the defendant cannot find and has not found another house and lot of equal value that he could buy for the amount of money he was to receive under the terms of said contract for the house in question, that is, for the sum of $12,500.00; and the defendant in truth and in fact is unwilling to perform the contract with the plaintiffs because of the defendant's conclusion subsequent to the execution of the contract that he had not made as profitable a bargain as he expected, and is using the failure of his

wife to sign a deed to the property as a means of avoiding legal liability."

 These allegations are, in our opinion, sufficient as against the exception urged. They are tantamount to pleading that appellee did not act in good faith. Under such circumstances a purchaser may recover damages, including the loss of his bargain, for breach of a contract by the husband to convey the family homestead. Nelson v. Jenkins, Tex.Civ.App. El Paso, 214 S.W.2d 140, writ ref., a case not available to the trial court at the time of trial.

The judgment of the trial court is reversed and this cause is remanded for trial.

Reversed and remanded.

ARCHER, C. J., not sitting.