R. V. WORKS, Trustee, et al., Appellants,

v.

Chas. D. WYCHE, Appellee.

No. 15760.

Court of Civil Appeals of Texas.

Dallas.

Feb. 17, 1961.

Rehearing Denied March 17, 1961.

Bowyer, Thomas, Crozier & Harris, Dallas, for appellants.

Yarborough, Yarborough & Johnson, Dallas, for appellee.

YOUNG, Justice.

As appellee has filed no reply brief, we must accept as correct the statements contained in appellants' brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure. Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520, writ ref.

The suit in trial court was by R. V. Works, Trustee, against Charles D. Wyche for specific performance of an option contract signed by the latter to convey two tracts of land in Dallas County to plaintiff Trustee, and in the alternative for damages for breach of said option contract; and further in the alternative, for partial specific performance of the contract covering the first tract of land and for damages for breach of contract for failure to convey the second tract. Industrial Properties Corporation intervened, alleging that R. V. Works, Trustee, was acting for its benefit under the contract. On trial to a jury and their answers to special issues, the court rendered a defendant's judgment; plaintiff and intervenor here appealing therefrom.

The two parcels of land were generally out of the A. J. and T. B. Manning Surveys, lying in the Trinity River bottoms; tract 1 of 15.96 acres and tract 2 of 15 acres. Said option contract was signed by the parties March 8, 1957, and recited in part: "For and in consideration of the sum of One Thousand and no/100 ($1,000) Dollars, cash in hand paid to Charles D. Wyche (hereinafter called party of the first part), receipt of which is hereby acknowledged, and other valuable consideration and the undertaking and agreements by R. V. Works, Trustee, of Dallas, County of Dallas, State of Texas, (hereinafter called party of the second part), Charles D. Wyche said party of the first part hereby grant and assign unto the said party of the second party, or his assigns, an option to purchase for $93,000.00, the following described property, * * *. Upon the exercise of this option by the said party of the second part, or his assigns, parties of the first part agrees to furnish a title policy from the Dallas Title and Guaranty Company, and further agrees to pay the usual commission of 5% (five per cent) on the purchase price to George W. Works and Company. Taxes are to be prorated to date of closing. For a period of sixty (60) days ending on the 7th day of April, 1957. This option is however, on the following con-

ditions: "That should said party of the second part fail to pay any sum or perform the covenants hereinbefore set out within the time specified, all rights and liabilities hereunder shall cease, and the money paid shall be retained as liquidated damages. However, if title proves defective, said payment is to be returned to the said party of the second part."

The controversy in factual background is reflected in the jury issues and answers, now summarized: (1) that at time the option contract was signed, R. V. Works and Charles D. Wyche did not intend that such contract would be good for 60 days after March 8, 1957; (2) that the plaintiff Works exercised an option to purchase the property described therein on April 8, 1957; (3) that after February 1, 1949, defendant Wyche, in dealing with the property described as "second tract" in the option contract, treated such property as his own property; (4) that such conduct on part of defendant Wyche misled plaintiff and the Industrial Properties Corporation; (5) that defendant Wyche, at time he signed the option contract, had reason to believe that he was not the owner of the second tract described in said option contract; (6) that defendant Wyche, during the course of his dealings with plaintiff Works in the transaction involved herein, did not act in good faith; (7) that before defendant Wyche signed the option contract, plaintiff Works made a statement to Wyche regarding the amount of acreage owned by defendant Wyche; (7a) that at time the option contract was signed, defendant Wyche relied upon the statement of Works regarding the amount of acreage owned by Wyche; (8) that at the time R. V. Works and Charles D. Wyche signed the option contract, plaintiff Works did not intend that such option contract would be good only through April 7, 1957; (9) that at time the option contract was signed, defendant Wyche intended that such contract would be good only through April 7, 1957; (10) that at time he signed the option contract, defendant Wyche represented to plaintiff Works that Wyche would sell all the land he owned in the location in question for $93,000; (11) that after April 8, 1957 defendant Wyche waived any option contract termination rights by his negotiations after April 8, 1957 with plaintiff Works regarding the sale of the property in question; (12) reasonable cash market value per acre in Dallas County on or about April 8, 1957 of the second tract of land described in said option contract was $5,000 per acre; (13) that the reasonable cash value per acre in Dallas County on or about April 8, 1957 of the first tract of land described in said option contract was $5,000 per acre. After rendition of above verdict, each party filed motion for judgment thereon; in the alternative praying for judgment notwithstanding the jury answers to certain issues, that of defendant Wyche being sustained by the court. In further alternative, both parties point to conflict of issues as ground for mistrial.

Appellants also make an appropriate statement of the pleadings upon which the parties went to trial, which are also summarized for better understanding of the case in light of above jury answers. Works, Trustee, and Industrial Properties Corporation, sometimes called plaintiffs, allege that said option contract was accepted on April 8, 1957, on that date tendering to defendant a contract for conveyance of the land with a deposit of $9,300 earnest money, Wyche failing and refusing to make the conveyance; on April 15, plaintiff Works writing a letter to effect that they were ready, willing and able to consummate the sale, intervenor then tendering into registry of court the purchase price of $93,-000, alleging full performance of terms of the option contract. In the alternative, plaintiffs prayed for damages for defendant's failure to convey the 31 acres of land, alleging the difference between contract price and market value of the land to be $62,000, and further in the alternative that plaintiffs had learned that Wyche claimed not to be the owner of the second tract of 15 acres, and could not convey good title

thereto because such land was owned by the estate of his deceased son, Charles Dwane Wyche. Plaintiffs then alleged that if this be true, that they were entitled to specific performance of first tract and damages for failure to convey the second tract. Further in the alternative, plaintiffs say that the parties, through their respective attorneys, entered into a settlement of the entire case, defendant Wyche then refusing to complete said settlement, (see footnote [1]) plaintiffs thereby becoming entitled to damages in sum of $60,000. This element of their cause of action was severed on exception of defendant, to be tried separately, and is made the basis of appellants' point 10.

Material here, defendant Wyche alleged that the option contract contained a provision that "if title proved defective, said payment ($1,000) is to be returned to said party of the first part (Works)" and that he had tendered that sum by way of his pleading. Defendant further alleged that Works had stated to him that he (Wyche) owned certain tracts aggregating 32 acres, the latter denying ownership of acreage to such an extent, but was assured by Works that he did, and that Dallas Title and Guaranty Company (the closing agent) would guarantee title to such amount of acreage; that Works had deleted from the option contract all covenants relative to the character of conveyance to be delivered, thus relieving Wyche from warranting title to the property; that defendant had determined however, that he did not have good title to the approximately 31 acres; at-

tempting to do equity by tendering back to plaintiffs the $1,000 and offering to sell plaintiffs those parts and parcels of land to which he had good title.

In supplemental petition, plaintiffs alleged that in truth and in fact Wyche was the owner of all the property, that if any part was in the name of another then it was held for benefit of defendant; that Wyche had at all times treated the second tract as his own and had given deeds of trust thereon to secure loans made to him, furnishing the money for its purchase; that in entering into the contract with Works, and failure to consummate the transaction, Wyche did not act in good faith; that plaintiffs had suffered damages on account of defendant's failure to consummate the deal, same being the difference between the contract price and market value of the two tracts. Plaintiffs further alleged that if the option contract was not for a period of 60 days, then defendant had waived any compliance with a lesser period of time by continuing to negotiate with Works for sale of the land after expiration of the 30-day period; on April 22, having offered to go forward with the contract and complete the same if Dallas Title and Guaranty Company would issue a title policy, based on defendant's executing a special warranty deed to both tracts of land; and also if the option contract was for a period of 30 days only, expiring on April 7, then Works had exercised the option within the time specified in that April 7, 1957 fell on Sunday and that on April 8, Works had notified defendant Wyche that he was

---

1. The alleged settlement agreement is reflected in letter to Hon. John Erhard, attorney for Wyche, from attorneys for Works, et al., of date September 2, 1958, shown in Transcript, from which we quote in part: "Dear John: This will confirm our conversation today that when the case of Works, Trustee v. Wyche was set on April 7, 1958, we in behalf of the plaintiff and you in behalf of the defendant agreed upon a settlement of the above case on the following basis: Wyche would convey to the plaintiff the land involved in the suit in accordance with the contract between him and R. V. Works, Trustee, dated March 8, 1957, and would pay George W. Works & Company the real estate commission as provided in the contract. It was further agreed that Wyche would be appointed guardian of his minor granddaughter and would make application to sell whatever interest the ward had in the land through the probate court at the contract price. We understand that Mr. Wyche has been appointed guardian and has qualified as such in the probate court of Dallas County, Texas, but has refused to sign the application to sell the land in the probate court. * * *".

ready, willing and able to go through with the contract and complete the sale but defendant had failed to do so.

By way of proof, the option contract, in evidence, contemplated that the property was to be conveyed free and clear of liens. Plaintiff Works testified that April 7, 1957 was a Sunday, he calling Wyche at his home on Monday April 8, telling him that "we were ready to exercise the option, that I had a sale contract ready for him to sign." An appointment was arranged for the following day, when they met, Works presenting the sale contract which Wyche refused to sign giving no reason. This was followed by a formal letter dated April 15, demanding conveyance of the tracts upon issuance of title policy; Works testifying to a meeting with Wyche on April 22, renewing his demand, Wyche agreeing to convey on basis of special warranty deed, Wyche later informing Dallas Title and Guaranty Company of non-ownership of the second tract; that it was actually owned by the estate of his deceased son, Charles Dwane Wyche, and therefore, he could not execute the deed; and that at no time did Wyche claim to Works that the option contract had expired before Works exercised it. It was the intention of the parties, according to Works, to fix value of these tracts at $3,000 per acre, notation at top of said writing of "31 X 3,000 equals $93,-000" so indicating. Mr. Mosher, independent realtor, testified that each of the approximately 31 acres was of equal value.

John M. Stemmons, President of Industrial Properties Corp., testified to drawing the option contract, taking description from a deed of trust which Wyche had executed covering both tracts of the subject property; that he had deposited $93,000 with the Title Company pursuant to the option, standing ready to consummate the purchase. Defendant Wyche did not deny the execution of the option contract or receipt of the $1,000 earnest money; stating that he did not recall the telephone conversation of Works on April 8, but that the latter

had come to his home on the 9th, presenting the sale contract. On cross-examination Wyche admitted taking title to certain property in the name of Charles S. Sharp, but denied taking title to this second tract in name of his son Charles Dwane Wyche; that in fact said son had purchased the tract from one O'Rourke on February 1, 1949, the check therefor to Southern Title and Abstract Company in evidence being signed however, Charles D. Wyche; that said son was only 18 years of age at the time with no removal of disabilities of minority; maintaining that it was his son who paid the purchase price to O'Rourke. Charles Dwane Wyche died in 1953 survived by his wife, now Lucille Wyche Harrington, and a small daughter, Vickie Sue Wyche. Lucille Wyche Harrington testified that her father-in-law, the defendant, never discussed with her any property which her late husband had owned and that she did not know of any property that was owned by Charles Dwane Wyche, deceased. The full name of defendant, by the way, is Charles David Wyche.

The court's judgment does not indicate the basis of its defendant's rendition in terms of jury issues and answers; but a clue thereto may be found in defendant's own motion for judgment on the verdict and in the alternative for judgment notwithstanding jury answers to certain issues. Defendant there claimed that (1) plaintiff and intervenor should take nothing because of the issue 8 finding that Works, at time of signing the option contract, did not intend that it should be good beyond April 7, 1957; in issue 9, the jury finding that Wyche *did* intend the contract to extend only to April 7, hence no meeting of the minds or enforceable contract; (2) the issue No. 1 finding was that the parties never intended for the contract to be good for 60 days after March 8, 1957; the evidence undisputedly being that said option was not exercised within 30 days thereafter; and (3) that the jury answer to issue No. 2, should be disregarded because of undisputed evidence that plaintiff Works

did not exercise an option to purchase the property on April 8, 1957.

■ Above grounds for rendition of a defendant's judgment are obviously insufficient. In the first place the option was intended to at least extend through April 7, 1957 which was a Sunday. "When the last day for the performance of a contract or an act falls on Sunday or a holiday, the day is generally excluded in the computation of time, and performance may be postponed until the following secular or business day." 41–A Tex.Jur. p. 380; and see cases there cited. McLaughlin v. Brock, Tex.Civ.App., 225 S.W. 575 is in apparent conflict. In any event, waiver was pled and found adverse to defendant; the jury answer to issue No. 11 being that Wyche waived any option contract termination rights by his negotiations after April 8, 1957 with plaintiff Works regarding sale of the property in question; which finding has support in ample evidence. See Slade & Bassett v. Crum, Tex.Civ.App., 193 S.W. 723, holding: "Any right of the vendor to declare an option contract forfeited because of failure to promptly make a payment was waived where negotiations were continued for several months." See also Annotations to 157 American Law Reports, p. 1329, where the quoted principle is approved by Courts in the great majority of American States. In this connection there is no question but that the option was duly exercised by Works, the same being thereby automatically converted into a contract of purchase and sale. Sinclair Refining Co. v. Allbritton, 147 Tex. 468, 218 S.W.2d 185, 8 A.L.R.2d 595. Wyche undoubtedly held good title to tract No. 1 of 15.96 acres and from above factual background and conclusions, plaintiffs became entitled to judgment for this part of the acreage under the doctrine of partial specific performance. English v. Jones, 154 Tex. 132, 274 S.W.2d 666.

■ In defendant's motion for judgment he does not claim to be entitled to judgment on basis of the jury answers to other issues

(7 and 7a above listed); simply asserting that issues 3, 4, 5 and 6 are evidentiary and in the alternative that the verdict as a whole is so conflicting as to preclude the entry of judgment for either party. On the other hand, we may assume that the court's judgment for defendant was based on these jury answers to issues 7 and 7a—a reliance on the statements of plaintiff Works that he Wyche was owner of the acreage described in the option contract—and referable to the second tract of 15 acres. These issues (7 and 7a) were predicated on defensive allegations by Wyche to effect that he was himself misled by misrepresentations of Works on which defendant relied to his injury. If fraud is thus alleged, a material element thereof is a reasonable reliance on the representation made. 20–A Tex.Jur. p. 204, § 105. Here issues 3, 4, 5 and 6 must be borne in mind, the substance of which were that Wyche in dealing with the second tract, treated it as his own and that such conduct misled Works; that Wyche had reason to believe that he was not the owner of said second tract and that he did not act in good faith in his dealing with Works. Any statement of Works to Wyche (issues 7 and 7a) that the latter owned this second tract was on the assumption that the Charles Dwane Wyche of the O'Rourke deed and defendant were one and the same person. This the defendant knew, not divulging that such grantee was his son and a different person until after execution of the option contract; and upon which information the title company then refused to issue a title policy in connection with tract 2, even on basis of a special warranty deed. These considerations plus the jury findings as a whole clearly demonstrate that Wyche could not have been misled by any statements of Works into believing that he was the owner of tract 2, when he himself, at the same time (issue 5) had reason to believe that he was not.

■ On basis of jury answers to said issues 3, 4, 5 and 6 therefore, it would appear that appellants are entitled to damages

for defendant's failure to convey tract 2; being the present market value of the acreage (issue 12) of $5,000 per acre as against the contract price of $3,000 per acre, or $2,000 per acre. While the option contract provided for liquidated damages of $1,000 by optionee Works for breach thereof and a return of that amount by Wyche in case of title failure, the instrument is silent on the damages said optionor should pay on its *breach* by him. "A contract provision for the return of earnest money to the purchaser in case the vendor fails to consummate the sale is not one for liquidated damages, and does not deprive the purchaser of his right to sue for specific performance." 38 Tex.Jur. p. 493, § 55. Similarly, it should not preclude the alternative remedy of actual damages for defendant's breach of contract. The right to recover such damages was the subject of Nelson v. Jenkins, Tex.Civ.App., 214 S.W.2d 140, 144, writ ref., where Nelson was sued for his failure to convey his homestead to Jenkins as contracted. On appeal from a judgment giving Jenkins $1,500 for loss of his bargain, it was held by the appellate court in an opinion of affirmance that "Even disregarding the increased price, he (Nelson) received for the property his testimony evidences an utter lack of an honest effort on his part to perform the contract and a wilful intention to breach it, regardless of the fact that his wife refused to sign the deed. In other words, a lack of good faith. Under such circumstances, by all the authorities appellant (sic) is entitled to recover his damages including the loss of his bargain." See also Menzies v. Blum, Tex.Civ.App., 218 S.W. 2d 875; Petroleum Financial Corp. v. Cockburn, 5 Cir., 241 F.2d 312.

In our opinion, the jury issues and answers, considered together, in light of above narration of evidence, conclusively refutes appellee's claim of fraud; and instead of a defendant's judgment, there should be a reversal and rendition thereof in favor of appellants, precluding the necessity of further discussion of points. The judgment under review is therefore reversed and here rendered, ordering judgment to be entered for appellants for specific performance of the option contract covering the first tract of land described, upon the terms and conditions set out in their motion for judgment, and for damages in sum of $30,000 in favor of appellants for appellee's failure to convey the second tract of land, together with all costs as provided by law.

Reversed and rendered with instructions.