E. H. KNOWLTON et ux., Appellants,

v.

Paul G. SILBER, Jr., Appellee.

No. 14432.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 17, 1965.

Stateson, Deane & Ward, San Antonio, for appellants.

Lagerquist, Shaw & Davis, San Antonio, for appellee.

BARROW, Justice.

Vendors, E. H. Knowlton and wife, Ann Knowlton, appeal from a summary judgment granted purchaser, Paul G. Silber, Jr., in his suit for specific performance of an earnest money contract involving three hundred sixty-five acres of land in Comal County, Texas, and several items of personal property. Appellants assert that the trial court erred in granting judgment for partial specific performance and that there are genuine issues of material facts raised in the record.

On September 30, 1964, appellants entered into an earnest money contract with appellee whereby appellants agreed to sell their ranch, consisting of 365 acres, more or less, but not less than 364 acres, along with some designated equipment, for $60,000 cash. Appellee deposited $3,000 earnest money as required by the contract. The contract was required to be closed within forty-five days unless the Alamo Title Company, which was designated to furnish a title insurance policy, found objections to the title, in which event Alamo Title Company was given a reasonable time, not to exceed thirty additional days, to remove the title defects. The contract was conditioned upon appellee's obtaining a loan on the land not to exceed $40,000 on terms satisfactory to him.

On October 9, 1964, the Travelers Insurance Company, acting through its agent, Lupe & Company, agreed to make a loan in the amount of $39,500 on terms satisfactory to appellee. Thereafter the closer for the Title Company advised appellants to designate an attorney to prepare the deed and a surveyor to make a survey. On October 21, 1964, the attorney for appellants wrote the Title Company and instructed it to hold up completion of the transaction. On November 2, 1964, appellee deposited with the Title Company the sum of $17,500, together with the loan commitment letter from Lupe & Company, approving a loan in the amount of $39,500 on the property which, together with the earnest money deposit, made the total consideration of $60,000. Upon appellants' refusal to complete the transaction, appellee filed this suit on November 18, 1964, for specific performance.

A motion for summary judgment was filed by appellee which was supported by his own affidavit, the affidavit of the real estate broker who had represented appellants in the transaction, an affidavit of the closer for Alamo Title Company, as well as depositions of appellee and appellant Mr. Knowlton.

In opposition to this motion, appellants filed an answer, supported by the affidavit of Mr. Knowlton, in which several reasons were given for not completing the transaction. These objections relate primarily

to the requirement under the contract of furnishing an easement for ingress and egress to the property and to the requirement that a survey be made of the property.

The contract, which was prepared by appellants' real estate broker, contains the following provision relating to an easement: "Buyer is to have a 40 foot wide ingress and egress easement from property to a public road." Mr. Knowlton swore that his agent told him not to worry about this covenant as it was inserted as a matter of form. Mr. Knowlton testified that he had used a road through Mr. Licata's property for ingress and egress ever since appellants purchased the property in 1952. However, he had no written easement and had not used over fourteen feet of the Licata property as a road.

It is seen that neither appellee nor any other party had ever called on appellants for a written easement as a part of the contract, and, to the contrary, appellee testified that he had arranged with Mr. Licata to purchase the fee title to land necessary for ingress and egress. The judgment of the trial court did not require an easement of any particular width, but simply required appellants to convey all of their claims, titles and ownership in and to any and all easements, methods and means of access, ingress and egress to this property which appellants claimed, owned or were otherwise entitled.

On October 16, 1964, the closer for the Title Company requested appellants to select a surveyor. Nothing was said at this time as to the expense of same, and there was no evidence that appellants ever questioned this requirement with the closer or with appellee. Mr. Knowlton testified that it was his understanding that he was not to pay for a survey and that appellee should have had a survey made to insure that he was getting at least 364 acres of land. There is nothing in the contract requiring a survey, and in fact the contract provides for an exception in the title policy for any discrepancies, conflicts or shortages in area or boundary lines which a correct survey would show. Appellee testified that he had agreed to purchase the land as shown him by appellants' broker. No one has questioned the size of the tract. The judgment of the trial court expressly provides that appellants would not be required to furnish a survey.

Appellants concede that the doctrine of partial specific performance is recognized under the Texas Law. See English v. Jones, 154 Tex. 132, 274 S.W.2d 666 (1955); Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209 (1947). They assert, however, that there were no pleadings by appellee to authorize such a judgment in that appellee sought only specific performance under the terms of the contract.

■ It is seen that the contract was required to be specifically performed insofar as appellants' rights were concerned. There was no abatement of the consideration to be paid by appellee or the manner in which same was to be paid. Appellants cannot complain if the trial court authorized them to convey an easement which may be less than forty feet wide, or that there has been no survey to determine that there are at least 364 acres in the tract. Rule 434, Texas Rules of Civil Procedure; Langley v. Norris, 141 Tex. 405, 173 S.W. 2d 454, 148 A.L.R. 555 (1954).

■ Appellants urge also that there were fact issues presented as to whether they agreed to furnish a forty-foot easement, and as to whether they agreed to pay for a survey of the property. Under the judgment entered by the trial court such issues, even if disputed, become immaterial.

■ It is undisputed in the record that appellee tendered the full consideration required by the contract, within the designated forty-five days. The loan commitment of $39,500, which was filed with the Title Company was subject to issuance of a mortgagee's title policy on the land. The designated title company issued a letter on October 12, 1964, to the loan company, whereby it agreed to issue such a policy.

Appellee was ready, willing and able to carry out the terms of the contract. There was no evidence that the contract was not fair at the time of its execution, or that specific performance of same would result in hardship or injustice to appellants or appellee. See 52 Tex.Jur.2d, Specific Performance, § 19. The trial court did not err in granting judgment for specific performance.

The judgment is affirmed.