G. W. DELAVAN, Sr., Appellant,

v.

Ray J. HYMEL, Appellee.

No. 4810.

Court of Civil Appeals of Texas.

Waco.

May 1, 1969.

Fred Clark, San Antonio, for appellant.

Foster, Lewis, Langley, Gardner & Hawn, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Delavan from summary judgment for plaintiff Hymel, decreeing specific performance of a contract to convey real property.

Plaintiff sued defendant for specific performance of a contract to sell and convey to plaintiff land. The contract provided, among other things, that Hymel agreed to purchase and Delavan agreed to sell 28.229 acres in the Tejada Survey in Bexar County. The price was $5000 cash (which was paid), and a note for $106,687 to be payable on or before 5 years, with interest at 6% to begin on the date sewer and water lines are available at the property site. The contract further provided: "Title to the property is to be good and marketable or is to be made so within a reasonable time at seller's expense;" and "purchaser may enforce specific performance" (of this contract).

Defendant answered by general denial, and alleged plaintiff knew defendant owed a note to Dillingham on the property, and knew defendant was not going to pay such note off until defendant was paid a corresponding amount by plaintiff.

Plaintiff moved for summary judgment for specific performance of the contract, and by affidavit stated he had paid the $5000 cash and stood ready to do all other things required of him by the contract. Plaintiff further executed and filed the note for $106,687 payable to defendant, as required by the contract (together with Deed of Trust to secure payment of such note).

Defendant filed opposing affidavit that plaintiff "knew defendant owed the Dillingham note on the property, and knew Delavan was not going to pay the Dillingham note before he was paid at least a corresponding amount by Hymel".

The trial court granted summary judgment for plaintiff, ordering defendant to "convey good and marketable title by general warranty deed", to plaintiff to the subject property within 30 days, and further decreed if defendant failed to execute such deed, the defendant's title to the property vested in plaintiff, "and in the event upon such vesting said property should be encumbered by a lien * * * securing a note executed by said defendant * * * said plaintiff shall be entitled to discharge said note and lien * * * and to thereafter recover the cost of doing so from said defendant."

Defendant appeals contending:

1) The judgment is erroneous wherein it provides plaintiff shall be entitled to discharge any note executed by defendant and secured by lien on the property, and to thereafter recover the cost of doing so from defendant.

2) The judgment is erroneous because it does not direct specific performance by the terms of the contract according to its actual provisions.

3) Material issues of fact exist under the pleadings and affidavits.

Defendant asserts that plaintiff "can have specific performance, discharge the lien himself voluntarily, and then take credit upon his note"; or "have specific performance, taking the title of defendant encumbered with the lien, with a corresponding abatement of the purchase price on his note"; but that the court cannot require defendant to pay the lien or alternatively provide plaintiff may discharge the lien and recover the cost of so doing from defendant.

■ English v. Jones, 154 Tex. 132, 274 S.W.2d 666 is controlling, and holds that where vendor has contracted to convey a greater interest in property than he has power to convey at the time for performance, the purchaser, if he chooses, is entitled to have the contract specifically performed, as far as the vendor can perform it, and to have an abatement out of the purchase money, *or compensation for any deficiency in the title, quantity, quality, description or other matters touching the estate*.

And in Durham v. Breathwitt, 57 Tex. Civ.App. 38, 121 S.W. 890 (NWH), the court decree specific performance of a contract to sell real estate, compelling the vendor to first discharge a lien, in order to make clear title to the buyer.

■ The trial court here decreed specific performance of the contract to convey, and further provided that in the event the property conveyed was encumbered by a lien, the plaintiff was entitled to discharge the lien, and thereafter recover the cost of doing so from defendant.

This is precisely the holding in English v. Jones, Supra.

Defendant's points are overruled.

Affirmed.