Eugene E. ARENSBERG, Sr.,
Trustee, Appellant,

v.

Robert Lee DRAKE, Jr., et
al., Appellees.

No. A14–84–633–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1985.

Rehearing Denied May 16, 1985.

J. Michael Lytle, Richmond, Michael E. Orsak, Sugerland, for appellant.

Don T. Schwartz, Rosenberg, James R. Leahy-Reynolds, Allen & Cook, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an order overruling a motion to set aside the appointment of a receiver for 164.7 acres [1] of land situated in Fort Bend County, Texas. We hold that the trial court erred in denying appellant's Motion to Vacate the Receivership. The trial court's order is reversed and the receivership is vacated.

Appellees, Juanita Benton Drake and Robert Lee Drake, Jr. received an interest in the land under the will of Addie Benton. The will provides:

I devise and bequeath to Juanita Benton Drake for and during her natural life 164.3 acres of land out of the William

Lusk Survey .... Upon the death of Juanita Benton Drake, I direct that the property shall vest in fee simple in Robert Lee Drake, Jr. or in the event of his death, then in his descendants.

On October 3, 1983, appellees, Juanita Drake and Robert Drake, Jr. executed a earnest money contract for the sale of the 164.7 acres to appellant. The contract states that the parties recognize that sellers hold title, as provided in the will of Addie Benton, and that the title company requires that the sale be accomplished pursuant to court order wherein the existing and prospective descendants of Robert Lee Drake, Jr., and all other residuary potential remaindermen, are made parties and represented before the court.

H.G. Knauth, appellees' attorney and president of the title company, sent a letter, dated November 23, 1983, to the parties to the contract which states:

The twelfth section of the will of Addie Benton, deceased, devises captioned land to Juanita Benton Drake for and during her natural life and provides:

"Upon the death of Juanita Drake I direct that the property shall vest in fee simple in Robert Lee Drake, Jr. or, in the event of his death, then in his descendants."

This creates a contingent remainder interest in Robert Lee Drake, Jr. and a further contingent remainder interest in the descendants of Robert Lee Drake, Jr. who presently comprise a class of two persons subject to opening by any other children born to or adopted by Robert Lee Drake, Jr. A deed executed by Juanita Benton Drake, Robert Lee Drake, Jr., and the two children of Robert Lee Drake, Jr., in being will pass all of the title except the contingent remainder interest in an unborn or hereinafter adopted children of Robert Lee Drake, Jr. To pass title to the latter mentioned contingent remainder interest, it will be necessary to secure through the district

---

**1.** The will states the acreage to be 164.3 acres. However, the legal description of the property includes 164.7 acres.

court of Fort Bend County upon petition of Juanita Benton Drake, Robert Lee Drake, Jr., and the two children in being of Robert Lee Drake, Jr., the appointment of a receiver to sell the property with appropriate judicial sale proceedings authorizing the receiver to act. *This should be a routine matter involving no delay.*

The receiver *or a trustee* will hold the proceeds of the sale in trust for the benefit of Juanita Benton Drake for her life, and at her death shall pay the proceeds either to Robert Lee Drake, Jr., or in the event of his prior death, then to his descendants. (Emphasis added)

On January 19, 1984, Juanita Benton Drake and Robert Lee Drake, Jr. as plaintiffs filed an Application for the Appointment of Receiver in accordance with the terms stated in the letter, except that it requested that the receiver be ordered to sell the land *at private sale for the best price* and terms approved by the court.

The ground alleged for obtaining the appointment of a receiver was that the land was farm land and plaintiffs were required to rent it to generate income. Because of taxes and other expenses of ownership and the continued low price of farm commodities, the land fails to yield a return commensurate with the value of the land—an average $6,000 yield from land which will sell for more than $800,000. It was contended this failure amounts to destruction or loss of the benefit of the life estate of Juanita Benton Drake.

The legal authority for appointment of a receiver in these circumstances is *Johnston v. Johnston,* 276 S.W. 776 (Tex.Civ.App.— Dallas 1925, no writ). In that case, James F. Johnston was devised a life estate in land, with the remainder to his children. Johnston was unable to sell the property because of the contingency of after-born children which might take under the devise and not be bound by any sale that was made by Johnston and his two daughters. The rental income expected from the land was insufficient to pay the taxes. The market value of the land was steadily increasing. The court appointed a receiver to sell the land. The court of civil appeals expressly approved of the appointment as the best means for protecting the interests of the parties.

The authority of a court to order sale of land through a receiver or a guardian to protect the interest of parties which include contingent remaindermen has been recognized in *Christie v. Lowrey,* 589 S.W.2d 870 (Tex.Civ.App.—Dallas 1979, no writ), and *Wilder v. Cox,* 104 S.W.2d 897 (Tex. Civ.App.—Austin 1937, no writ).

On January 23, 1984, the trial court signed an order appointing Marshall Tolbert as Receiver to take the land into custody and sell it at private sale for the best price and terms as may be approved by the court.

It appears from the record that an evidentiary hearing was not held on the Application for Appointment of Receiver. Neither Robert Lee Drake, Jr., Juanita Benton Drake, nor appellant testified at any hearing on the application. Appellant was not made a party to the application or given legal notice of hearing on the application. Appellant did not perfect appeal from the Order Appointing Receiver.

In February and April of 1984, Tolbert, as receiver, received three offers to purchase the land for amounts in excess of the $5,000 per acre agreed sales price in the contract with appellant. Tolbert refused to convey the land to appellant, because he claimed the order appointing him receiver required him to sell the land at the best available price.

On March 6, 1984, appellant filed a petition for specific performance of the earnest money contract with the Drakes. On April 17, 1984, appellant filed a Motion to Vacate Receiver. On July 30, 1984, the court ordered that the cause on Application for Appointment of Receiver and the cause on Motion to Vacate Receiver be consolidated. After hearing, the court denied the Motion to Vacate Receiver on August 29, 1984.

Appellant appeals from the denial of his Motion to Vacate Receiver. He contends

the trial court abused its discretion in not granting his motion on the basis of the new evidence presented which was not known to the court at the time the receiver was appointed.

■ Appellees contend that the appeal is a collateral attack on the judgment; therefore, appellant can only contest the jurisdiction of the court to order the appointment. *King Land & Cattle Corp. v. Fikes*, 414 S.W.2d 521 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.). Appellees are mistaken. A motion to vacate an appointment of receiver filed in a court other than the court that ordered appointment of receiver is a collateral attack. But a motion to vacate filed with the court that ordered the appointment, which is consolidated with the receivership cause, is a direct attack on the order. *King Land & Cattle Corp. v. Fikes*, 414 S.W.2d at 524. In such a case, appellant can appeal from the denial of his motion to vacate and this Court can vacate the receivership if appellant shows that he presented some matter previously unknown to the trial court that makes the appointment of the receiver improper or shows a fundamental error that renders the order void. *Couch Mortgage Co. v. Roberts*, 544 S.W.2d 944, 947 (Tex. Civ.App.—Houston [1st Dist.] 1976, writ dism'd); *Whitaker Oil Co. v. Ward*, 396 S.W.2d 158 (Tex.Civ.App.—Tyler 1965, no writ, motion to certify denied 398 S.W.2d 155).

■ At the hearing on the Motion to Vacate Receiver, appellant proved the existence of the earnest money contract. In view of this evidence, the court's transfer of the entire interest in the land to a receiver was improper because the transfer prevents enforcement of appellant's right to specific performance under the contract. After it became known to the court that appellant may have a pre-existing contractual right to receive conveyance of the interest of Juanita Benton Drake and Robert Lee Drake, Jr. in the land, the court should have avoided cutting off appellant's right by vacating the receivership.

■ The contract provides for fee simple title to the land. However, the fact that Juanita Benton Drake and Robert Lee Drake, Jr. could not convey fee simple title, in the absence of a court order of the sale of the contingent remainder interest of the descendants of Robert Lee Drake, Jr., does not affect appellant's right to receive conveyance of whatever interests the sellers did have power to convey. When a vendor has contracted to convey a greater interest in property than he has power to convey, the purchaser, if he chooses, is entitled to have the contract specifically performed, as far as the vendor can perform it. *English v. Jones*, 154 Tex. 132, 274 S.W.2d 666, 668 (1955). It also makes no difference that appellant knew that the sellers did not possess fee simple title. Partial specific performance will not be denied merely because the purchaser knew of the lack of authority in the vendor to convey full title. *English v. Jones*, 274 S.W.2d at 669.

■ Appellees contend that the appointment of a receiver and court approval of sale to appellant was a condition precedent to performance of the contract, because, 1) appellant knew that some type of court order was required for him to receive a fee simple conveyance, and 2) appellant did not object to the appointment of a receiver until he learned of the possibility that the receiver would not convey the land to him.

We disagree. The appointment of a receiver is not stated as a condition precedent in the earnest money contract. It simply states that the *title company* requires that the sale be accomplished pursuant to court order and that the potential remaindermen be represented. This provision is a condition precedent to the title company's agreement to insure on fee simple title. It is not a condition precedent to the sellers' obligation to convey.

Also, there is no evidence of an oral agreement to a condition precedent. Instead, the evidence shows that appellees and their attorney represented to appellant that the receivership was for the sole purpose of selling fee simple title to appellant. Appellees' attorney stated to appellant in the

letter dated November 23, 1983, that the appointment of the receiver should be a routine matter involving no delay. We infer this statement means that the appointment would involve no delay *in the sale of the land to appellant.* Seven days after the receiver was appointed, copies of the pleadings and proposed closing documents were sent to appellant's attorney with a handwritten note on the letter requesting notice of any changes "... so I can file the report of sale." We construe this note as a representation that the receiver was going to sell to appellant. Appellant testified that he believed, on the basis of the representations of appellees' attorney, that the sole purpose of the appointment of the receiver was to facilitate execution of his contract. Robert Lee Drake, Jr. testified that it was his intent to make application to the court for appointment of a receiver to facilitate the sale of the land to appellant. There is no evidence that appellant was made aware prior to the appointment that the receiver would have authority to convey the land to someone other than appellant.

The evidence also shows that while making the representations described above, appellees intended to use the receivership to avoid appellant's contract and obtain the best possible price. Appellee, Robert Drake, requested appointment of Tolbert, appellees' friend and business partner, as receiver. Tolbert stated that prior to his appointment, Robert Drake explained to him that a receiver looks after the best interests of the children and any descendant by making the best deal possible. It is apparent that appellees had a different purpose for the receivership than appellant, and that appellees concealed this purpose until after expiration of the time to object to the appointment of the receiver. This evidence refutes appellees' alleged agreement of a condition precedent to the earnest money contract.

For the reasons stated above, we hold that the trial court erred in overruling appellant's Motion to Vacate Receiver. The order appointing the receiver is vacated and the receivership is dissolved.