

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00058-CV
_____


JUSTIN LANE, Appellant

V.

THOMAS DERWOOD LANE, GLYNDIA FAYE LANE, JASON LANE,
RACHEL LANE, AND MATTHEW LANE, Appellees


On Appeal from the County Court at Law 2
Gregg County, Texas
Trial Court No. 2012-476-CCL2


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

This is an accelerated appeal of an order denying Justin Lane's motion to vacate an order appointing a receiver for Lane's Auto Sales.[1] Because we find no abuse of discretion, we affirm the judgment of the trial court.

## I. Background

Justin Lane and his estranged wife, Angela Lane, filed their original petition for declaratory judgment against family members Thomas Derwood Lane, Glyndia Faye Lane, Jason Lane, Rachel Lane, and Matthew Lane (the Lane defendants), seeking a declaration that Justin and Angela "own, control and manage" all property, assets, and employees of Lane's Auto Sales "to the complete exclusion of all Lane defendants" and that all "Lane defendants have no ownership, management, authority or control of and/or over any real and personal property of Lane Auto Sales." Justin and Angela also sought a restraining order and injunction to keep Thomas, Glyndia, and the other Lane defendants from taking certain actions, including, among other things, "[i]nfringing on and hindering [Justin's and Angela's] exclusive and uninterrupted use, management and enjoyment of Lane Auto Sales. . . ."[2]

Thomas, Glyndia, and Rachel asserted counterclaims against Justin and Angela, alleging, among other things, that Thomas and Justin were equal partners in Lane's Auto Sales; Thomas alleged that Justin "froze [him] out" by failing to divide the profits of the business with Thomas,

---

[1]In a companion appeal, briefed jointly with this case, also decided today in cause number 06-12-00048-CV, this Court addressed Justin's issues in the appeal of the trial court's order entering a temporary injunction and appointing a receiver for Lane's Auto Sales.

[2]Lane's Auto Sales is located at 3600 W. Marshall Avenue and 100 Pine Tree Road in Longview, Texas.

and in failing to provide Thomas with financial information concerning the business. Thomas sought a declaratory judgment asking the trial court to declare Thomas the owner of one-half of Lane's Auto Sales, and to further declare Thomas's and Justin's rights and status regarding their respective interests in Lane's Auto Sales.[3] In addition, Thomas and Glyndia requested a restraining order to keep Justin away from them and from alienating or destroying business assets, among other things. Finally, request was made for the appointment of Tommy Hiltzman, the general manager of Lane's Auto Sales, as the receiver for the business.

The trial court granted the application for temporary restraining order and set the temporary injunction hearing for March 19, 2012. After finding "a good faith dispute between the parties" as to whether a partnership existed between Thomas and Justin, the hearing was suspended in order to afford the parties the opportunity to negotiate and potentially resolve their differences.

On April 4, the parties returned to court on Thomas and Glyndia's request for additional injunctive relief. The evidence showed that on March 30, Justin removed business files and records concerning customer financing, as well as vehicle titles and financial records of Lane's Auto Sales from the business premises. In addition, Justin removed seventeen vehicles from the car lot, along with vehicle keys. Finally, the evidence showed that Justin had the sign post at Lane's Auto Sales' 3600 W. Marshall location cut down.[4]

---

[3]In addition to the request for declaratory judgment, Thomas asserted claims against Justin for breach of contract, breach of fiduciary duty, unjust enrichment, conversion, money had and received, and a demand for an accounting.

[4]Justin explained that his actions were taken to ensure that a note he owed to Austin Bank for inventory financing was timely paid.

3

At the conclusion of the hearing, the trial court orally appointed Hiltzman as the receiver for Lane's Auto Sales and ordered the injunctive relief requested by Thomas and Glyndia.[5] The court ordered Hiltzman to post a $100,000.00 bond in order to secure his duties as receiver and ordered Justin to return the assets taken from the business no later than 5:00 p.m. on April 12, 2012.

On April 13, the court entered the writ of injunction and order appointing Hiltzman as the receiver for Lane's Auto Sales. Thereafter, Justin filed a motion to vacate the order appointing Hiltzman as receiver. After a hearing on May 16, the trial court denied the motion to vacate.[6]

## II. The Trial Court Did Not Err in Failing to Vacate the Receivership

On appeal, Justin complains that the receivership should have been vacated because Hiltzman, in carrying out his duties as receiver, acted in collusion with Thomas and Glyndia.[7] The decision to discharge a receiver is within the discretion of the appointing court, and such decision will not be overturned absent an abuse of discretion. 64 TEX. JUR. 3d *Receivers* § 168 (West 2003); *see Stanfield v. Stanfield*, No. 09-99-435-CV, 2000 WL 1475853 (Tex. App.—Beaumont Oct. 5, 2000, no pet.) (not designated for publication); *Buck v. Johnson*, 495 S.W.2d

---

[5]Hiltzman has managed Lane's Auto Sales for the past four years. In that capacity, he has managed the sales, inventory and financing of the business. Hiltzman testified that he was willing to serve as the receiver for Lane's Auto Sales. He acknowledged the duties and responsibilities that accompany that position.

[6]The order denying Justin's motion to vacate included the trial court's handwritten notation that the order was "Subject to Court's order for Receiver to set up new receiver account and to communicate with Defendant Justin Lane at phone number put on record."

[7]An interlocutory order of a district court, county court at law, or a county court that overrules a motion to vacate an order appointing a receiver may be appealed. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(2) (West Supp. 2012). Even though most of Justin's arguments relate to the appointment of the receiver, he does complain of some actions taken after the appointment. Construing the argument liberally, in this appeal we will address whether overruling the motion to vacate was error.

291, 299 (Tex. Civ. App.—Waco 1973, writ ref'd n.r.e.). An abuse of discretion is shown when the trial court acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). This Court should not reverse a decision within the discretionary authority of the trial court simply because we might have reached a different result. *Beaumont Bank*, *N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Here, Justin complains that because Hiltzman allegedly acted in collusion with Thomas to increase the risk of loss to his certificate of deposit, the trial court abused its discretion in failing to vacate the receivership. A motion to vacate a receiver must (1) present to the trial court a previously unknown fact relating to the propriety of entering an order appointing a receiver, or (2) call to the trial court's attention some fundamental error that renders the order void. *Arensberg v. Drake*, 693 S.W.2d 588, 592 (Tex. App.—Houston [14th Dist.] 1985, no pet.). Here, it appears that Justin takes the position that fundamental error exists that renders the order void—that being the alleged collusive nature of the appointment. We disagree.

Lane's Auto Sales has a line of credit at Austin Bank for the purpose of inventory purchase. Justin is the sole signatory on the promissory note, and holds one or more certificates of deposit at Austin Bank which secure the note. The crux of Justin's complaint is that when vehicles are privately financed by Lane's Auto Sales, a certain amount of proceeds from each such sale should be paid to Austin Bank. He complains that Hiltzman and Thomas have acted in collusion to continue the business financed purchases without making payments on the note or credit line at Austin Bank, thereby placing his certificates of deposit at risk.

5

The profit and loss statement Hiltzman filed in his capacity of receiver for the business reflects retail sales of $232,195.50. Total sales (including wholesale sales) amount to $304,900.08. At the time of the hearing, notes financed through Lane's Auto Sales totaled approximately $125,000.00—sometimes referred to as "buy here, pay here" accounts. When Hiltzman was appointed, the business had accumulated $33,000.00 in unpaid bills, the business account at Austin Bank had been closed, and the business owed $17,000.00 in returned checks Justin had written against that account prior to closing it. Within one month of Hiltzman's appointment, past due bills were reduced from $33,000.00 to $10,000.00, and $17,000.00 in returned checks had been paid. Hiltzman also made a payment on the line of credit at Austin Bank[8] in the amount of $117,920.00, and is paying the bills of Lane's Auto Sales as they come due.[9] Mary Lingle, assistant vice-president and loan officer for Austin Bank, testified that payments are being made on the note, and everything is going well.

## III. Conclusion

The record before this Court fails to demonstrate that Hiltzman is acting in collusion with Thomas in the discharge of his duties as receiver for Lane's Auto Sales. The trial court did not abuse its discretion in denying the motion to vacate the order appointing Hiltzman receiver.

---

[8]This note is secured by certificates of deposit rather than car titles.

[9]Hiltzman attempted to open a receivership account at Austin Bank, but the bank declined to do business with Lane's Auto Sales. Ultimately, Hiltzman opened a receivership account at White Oak State Bank, one previously established by Thomas for Lane's Auto Sales. While Hiltzman testified that he is the only signatory on the receivership account, there was some discussion between counsel and the trial court at the conclusion of the hearing that Thomas may be a signatory on the account as well.

We affirm the judgment of the trial court.


                                             Jack Carter
                                             Justice

Date Submitted:      August 9, 2012
Date Decided:       September 4, 2012