## ENGLISH v. BLACKWOOD et ux.

### No. 10763.

Court of Civil Appeals of Texas. Galveston.

May 11, 1939.

Rehearing Denied June 1, 1939.

Battaile & Burr, of Houston, for plaintiff in error.

Henry W. Flagg, of Galveston, for defendants in error.

MONTEITH, Chief Justice.

This is an appeal by writ of error from a judgment of the district court of Brazoria County in an action brought by Amiel Blackwood and his wife, Hazel Blackwood, plaintiffs, against J. M. English, defendant, for personal injuries to Mrs. Blackwood, and for damages to plaintiffs' automobile, alleged to have been sustained as a result of a collision between the automobile driven by Amiel Blackwood and a truck owned and operated by J. M. English. The parties will be designated in this opinion as in the trial court.

Plaintiffs in their petition alleged that defendant's truck, as a result of specific acts of negligence on the part of defendant, collided with plaintiffs' automobile, causing said injuries to Mrs. Blackwood and damages to their automobile.

The defendant answered by general demurrer, general denial, and by a plea of contributory negligence in general terms. No exception was filed by plaintiffs to said plea of contributory negligence.

The case was tried to a jury, who, in answer to special issues submitted, found that said collision was the result of the negligence of the defendant. On this verdict the court rendered judgment for plaintiffs and against defendant in the sum of $2,250 for injuries to Mrs. Blackwood, and in the sum of $465 for damages to plaintiff's automobile.

Upon the trial the following special issue No. 10 was submitted to the jury: "Do you find from a preponderance of the evidence that Amiel Blackwood saw that the truck had partly crossed to its left side of the center of the highway, and saw and realized that a collision was imminent and that his car was in a position of peril therefrom, in sufficient time to have, with the reasonable use of all the means at hand, with safety to his car and its occupants, avoided such collision?" To which issue the jury answered: "No."

No objection was made by defendant to the submission of this issue. The record shows, however, that defendant requested the submission to the jury of certain groups of facts, consisting of 33 special issues, inquiring as to the negligence of plaintiffs in various respects, including the failure of Amiel Blackwood to sound his horn, to keep a proper lookout, to apply his brakes, to slow down the speed of his car, his negligence in driving on said bridge before said truck had passed over it, in attempting to drive between the truck and the banister of said bridge, etc., and as to whether such facts, if found, were negligence, and

whether they were the proximate cause of said collision.

Each of said groups of special issues requested by defendant were presented to the court, endorsed "Refused", and filed.

The record shows that the collision in question occurred on a concrete bridge, on Highway No. 35 in Brazoria County, Texas, while plaintiffs were returning in their car to Galveston with their guests, Mr. and Mrs. Hord, from a hunting trip near Brazoria, Texas, in the early morning hours of November 1, 1936.

Amiel Blackwood testified that prior to the collision, as they were proceeding along said highway in an easterly direction, he observed two trucks approaching, approximately a quarter of a mile away; that the first of said trucks passed the Blackwood car west of said bridge, and that the Blackwood car and said second truck reached the bridge at approximately the same time; that prior to reaching the bridge each vehicle had been proceeding on its right-hand side of the road, but that after both the Blackwood car and said truck had entered upon the bridge, said truck turned to the left and into the Blackwood car, causing the trailer portion of said truck to strike the left forward portion of the Blackwood car and causing the injuries complained of. The record shows that at the time of said collision it was not entirely dark but that both of said trucks and the Blackwood car had their lights on.

Defendant contends that his plea of contributory negligence, pled in general terms, and not excepted to by plaintiffs, required the submission by the trial court of the specific groups of facts inquiring as to the negligence of plaintiffs in spite of the fact that the court had submitted, without objection thereto, said Issue No. 10, which involved only the issue of discovered peril.

In the event any or all of said requested issues of fact were raised by the evidence, or if a different inference of fact might have reasonably been drawn from the evidence adduced as the cause of said collision, defendant would certainly have been entitled to have said issues submitted.

■ The rule is laid down by the Supreme Court in the case of Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, that a defendant has the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts, which, if true, would in law establish such plea. Missouri K. & T. R. Co. v. McGlamory, 89 Tex. 635, 638, 35 S.W. 1058, 1059. The rule is reaffirmed in St. Louis & S. W. Ry. Co. v. Casseday, 92 Tex. 525, 528, 50 S.W. 125; Gulf, C. & S. F. R. Co. v. Mangham, 95 Tex. 413, 417, 67 S.W. 765; St. Louis S. W. R. Co. of Texas v. Hall, 98 Tex. 480, 481, 85 S.W. 786; Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 614, 183 S.W. 155; Fort Worth & D. C. R. Co. v. Morrow, Tex.Civ. App., 235 S.W. 664, 667; Fort Worth & D. C. R. Co. v. Hawley, Tex.Civ.App., 235 S.W. 659, 663.

Following the rule laid down in this case, it is now the established rule that where facts grouped in special issues are requested by defendant, though contributory negligence has not been specifically pled, defendant is entitled to have each group of facts raised by the evidence, or from which an inference of fact different from the theory relied on by plaintiff for recovery which might constitute a defense to plaintiff's cause of action, submitted to the jury. Owl Taxi Service v. Saludis, Tex.Civ.App., 122 S.W.2d 225; Stewart v. Galveston H. & S. A. R. Co., 34 Tex.Civ.App. 370, 78 S. W. 979; 41 Tex.Jur., sec. 221, p. 1014; Spears Dairy v. Bohrer, Tex. Civ.App., 54 S.W.2d 872; Southern Iron & Machine Co. v. Portugal, Tex.Civ.App., 53 S.W.2d 685; 30 Tex.Jur., sec. 160, p. 840.

It is further held in the case of France et ux. v. Graves, Tex.Civ.App., 48 S.W.2d 438, that: "The rule of separate submission of each distinct issue raised in a case is intended to work both ways. Issues of defenses are just as vital to the rights of defendant as issues of liability are to the plaintiff, and both should, of course, be submitted with equal fairness and distinctness. And when, as in this case, the trial court refuses to separately submit properly raised and requested defensive issues, or where the failure or refusal to so submit them is timely excepted to, an appellate court has no alternative but to reverse. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Fort Worth & D. C. R. Co. v. Morrow (Tex.Civ.App.), 235 S.W. 664; Panhandle & S. F. R. Co. v. Miller (Tex. Civ.App.) 44 S.W.(2d) 790, and authorities there cited."

After a careful review of the record we have concluded that the evidence in this case is sufficient to raise the issue of plaintiffs' negligence and that the trial court erred in refusing to submit said requested issues.

Plaintiffs contend that the record does not reflect that any of the 33 special issues requested by defendant were at any time submitted to counsel for plaintiffs and that this fact alone is sufficient ground for the refusal by the court to submit said issues to the jury.

We are unable to sustain this contention. This exact question was decided by the Commission of Appeals in the case of Walker v. Hirsch Cooperage Co., 236 S.W. 710, 712. In this case the plaintiff filed with the court for submission to the jury certain written issues in addition to those submitted by the court, each issue giving the number and style of the case, numbered blank, and upon each of the issues so tendered was endorsed the word "Refused". Each issue was signed by the trial court. In its opinion the court says:

"The failure of the plaintiff to preserve a technical bill of exceptions to the refusal of the trial court to submit the three issues requested, in our opinion, is met by the filing of the written issues with the court and the trial court's indorsement of his refusal thereof on the issues.

"Construing article 1974 of Vernon's Rev. Civ.Stats., 1920, which is as follows:

"'Indorsement by Judge on Special Instructions Refused; as Bill of Exceptions; Presumption on Appeal; Indorsement When Instruction Given or Modified.—When a special instruction is requested and the provisions of this law have been complied with and the trial judge refuses the same, he shall indorse thereon; "Refused," and sign the same officially, and such charge, when so indorsed, shall constitute a bill of exceptions and it shall be conclusively presumed on appeal that the party asking said charge presented the same at the proper time and excepted to its refusal, and that all of the requirements of law have been observed, and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing the same reviewed on appeal without preparing a formal bill of exceptions. * * *'

"The plaintiff, having presented the written issues marked 'Refused' by the court, is in position to have the error in refusing those issues passed on by the Court of Civil Appeals and the Supreme Court.

"We are aware that several of our Courts of Civil Appeals have apparently held contrary to the holding in this case, but in nearly all of the decisions in which the questions here decided have been passed on by those courts, other issues were involved which we cannot take space and time to consider and distinguish. But where they have directly held to the contrary, we decline to follow their decisions."

Article 1974, Revised Civil Statutes of 1920, above referred to, has been carried forward with slight modifications which in no way affect the question involved in this appeal, as Article 2188, Rev.Civ.Statutes of 1925.

In the recent case of Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 271, in an opinion by Justice Sharp, the court says:

"Article 2188 reads: 'When a special instruction is requested and the provisions of the law have been complied with and the trial judge refuses the same, he shall indorse thereon "Refused," and sign the same officially. If the trial judge modify a special charge, he shall indorse thereon "Modified as follows: (stating in what particular he has modified the charge) and given, and exception allowed" and sign the same officially. Such refused or modified charge when so indorsed shall constitute a bill of exceptions and it shall be conclusively presumed that the party asking said charge presented the same at the proper time, excepted to its refusal or modification, and that all the requirements of law have been observed, and the same shall entitle the party requesting such charge to have the action of the trial judge in refusing or modifying the same reviewed without preparing a formal bill of exceptions.'"

"Where a special issue is presented to the trial judge for submission at the proper time, and he indorses thereon 'Refused,' or if the trial judge modifies a special charge and indorses thereon 'Modified as follows (stating in what particular he has modified the charge), and given and exception allowed,' and in either event signs the same officially, a formal bill of exception is not necessary to preserve rights thereunder by virtue of article 2188."

Under the above authorities the endorsement of the word "Refused" and the signature of the trial court constitute a complete bill of exception to the refusal of the trial court to submit such issues and creates the presumption which must be overcome by proof that all requirements of law have been complied with, including the submission of said issues to opposing counsel.

Defendant further contends that the judgment appealed from is fundamentally

erroneous in that, while plaintiffs pled the ownership and operation of said truck by defendant, no issue was submitted to the jury for the determination of the facts so alleged, and that there are no findings by the jury that the driver of said truck, who was found by the jury to have been guilty of certain acts of negligence, was either the defendant, J. M. English, or his agent, servant or employee, acting within the scope of his employment.

Henry W. Flagg, attorney for plaintiffs, testified that he had had a conversation with J. M. English and that Mr. English had told him that he was the owner of the J. M. English Truck Lines and that he was the defendant in this case. Several witnesses testified that the name "J. M. English Truck Lines" was on the door of the cap of said truck and that said truck bore the license No. 115956 and it was proven that said license had been issued to J. M. English Truck Lines, owner.

No issue inquiring as to whether defendant or an employee was driving said truck at the time of the collision was submitted to the jury or requested, and there is no finding by the jury as to these facts.

The question to be determined is whether or not such facts were established by the evidence as a matter of law.

It is held in the case of Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031, that the appearance of defendant's name on a truck in connection with other facts testified to, was prima facie evidence of the ownership of said truck, and hence the court was required to submit the issue to the jury. Globe Laundry Co. v. McLean, Tex.Civ.App., 19 S.W.2d 94.

In the case of Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307, 308, in passing on the question as to whether the name on a truck involved in a collision is sufficient to raise the presumption of ownership of the truck and agency and scope of employment of the driver, the court said: "Of course, the fact that appellee's name was printed on the truck was not conclusive evidence either of its ownership thereof or of the agency for it of the driver, or that he was acting at the time within the scope of his employment for it, but it was at least a circumstance tending that way, in the complete absence of any contravening proof."

Under the above facts, we think that the judgment rendered by the trial court is not supported by the verdict of the jury and is therefore erroneous.

The judgment of the trial court will therefore be reversed and the cause remanded.

Reversed and remanded.