## CITIZENS STATE BANK OF HOUSTON
### v. GILES et al.
### No. 11055.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1940.

Rehearing Denied Dec. 12, 1940.

Gammage, Gammage & Bauer and Earl W. Gammage, all of Houston, for appellant.

John C. Ridley, of Houston, for appellees.

CODY, Justice.

Appellant brought suit against R. Fletcher, R. L. Giles doing business as Southern Used Car Company, Henry Michalka and Robert Boggan in two counts. In the first count the suit was one to recover judgment on a note made by Fletcher, payable to appellant, and to foreclose the chattel mortgage given by Fletcher on an automobile to secure payment of his note. Appellant alleged that its mortgage was forthwith placed of record, and that any interest which the other defendants might have in said automobile was acquired with notice of appellant's mortgage, and inferior thereto. The value of the mortgaged automobile was alleged to be the sum of $450 at the time suit was filed.

In appellant's second count, in the alternative, appellant alleged that on May 5, 1937, with knowledge of appellant's mortgage, appellee Giles, doing business as Southern Used Car Company, bought said automobile from Fletcher, and displayed same for sale at his place of business, and sold same to Henry Michalka and converted same to his own use; that said Michalka purchased with notice of appellant's mortgage, and wrongfully took possession of same, and converted same to his own use; and that Michalka did sell same to Robert Boggan, who had notice of appellant's mortgage, and wrongfully took possession of said automobile, and converted same to his own use. That by reason of such wrongful conversions appellant had sustained damage in the sum of $300, the balance due on its note, plus 10% interest thereon from maturity, together with attorneys fees thereon. Appellant's prayer was for judgment on its note against Fletcher, principal, interest, and attorneys fees, together with foreclosure of the chattel mortgage, and in the alternative the prayer was for judgment against all of the defendants for conversion of the automobile in the sum of $330.

Defendant Fletcher admitted his liability on the note in open court; Henry Michalka filed a motion to quash citation several terms before the case was tried. And defendant Boggan was dismissed from the suit without prejudice.

Appellee Giles, by way of defense, and special answer, pled that he was an innocent purchaser for value, and that the assistant cashier of appellant bank, one Willard, had assured him over the 'phone while there was sufficient time to have stopped

payment on a check given to Fletcher that the note was then being paid by Fletcher, and the mortgage had been discharged. And Giles also pled that the note had in fact been paid; also that Fletcher was an automobile dealer, and daily exposed said automobile for sale, and that the mortgage was void under Articles 4000 and 5497a, Vernon's Annotated Civil Statutes of Texas.

The jury, in response to special issues, returned a verdict that failed to sustain appellee's pled defenses.

Appellant elected, at the conclusion of the evidence, to stand upon the second count.

The court granted the motion of Giles for judgment notwithstanding the verdict, the ground for such action being made to appear in what is designated as the court's findings of fact and conclusions of law, which are as follows:

"1. I find that the answers of the jury to the Special Issues submitted herein by the Court are supported by the evidence, and such findings are, therefore, adopted by the Court.

"2. I further find from the undisputed evidence herein that all facts not found by the jury are found by me in favor of plaintiff, Bank, and same support a judgment for conversion of the automobile in question as pleaded against defendant Giles and defendant Michalka for the amount of $376.75, being the amount for which I rendered judgment herein against defendant Fletcher.

"3. I find that all of plaintiff's pleadings as a whole completely fail to allege the market value, or any other value, of the automobile in question at the time or the place that plaintiff alleges said automobile was converted by the defendants Giles and Michalka.

"4. I further find that the second, or alternative count, in plaintiff's pleadings, being paragraph 8 and 9 of plaintiff's original petition, wherein plaintiff seeks to allege a cause of action for conversion against defendants Giles and Michalka, completely fails to allege either the market value, or any other value, of the automobile in question either at the time or the place that plaintiff alleges said automobile was converted by defendants Giles and Michalka.

"5. I further find that at the conclusion of all of the testimony herein, and after all parties had rested their case, but before the charge of the Court was prepared or submitted to the jury, and before the argument on the motion for instructed verdict, plaintiff in open court voluntarily announced, without any motion or request to do so by any of the defendants, then or at any time prior thereto, that it waived and abandoned its recovery pleaded herein upon the theory of foreclosure of its chattel mortgage, and instead elected to stand and rely upon its theory of conversion of the automobile in question and to the extent of plaintiff's interest therein, as reflected by its chattel mortgage thereon, as against defendants Giles and Michalka; and for recovery against defendant Fletcher on the note."

■ The power of the trial court to render judgment notwithstanding the verdict is conferred by Article 2211, Vernon's Annotated Texas Statutes, and it must appear of record that the requirements of the statute as to service of the motion under said article has been complied with. Edmiston v. Texas & N. O. R. R. Co., Tex. Com.App., 138 S.W.2d 526, 528; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, 971; Gentry v. Central Motor Co., Tex.Civ.App., 100 S.W.2d 215. It neither appears in the judgment or otherwise in the record that service of the motion was had on appellant.

■ As appears from the court's findings quoted above, there was ample evidence to support the issues found in favor of appellant and against appellee. Had appellee moved for an instructed verdict at the conclusion of the evidence on the ground that appellant's alternative pleadings were subject to a general demurrer, the court would most likely have refused such a motion. Indeed Article 2211 was not passed to enable a defendant to have a judgment on the merits of a cause merely because plaintiff's pleading might be subject to a general demurrer. The issues submitted to the jury were raised by the pleadings, and they had evidence to support them. In such case the court may not render a judgment notwithstanding the verdict. Hines v. Parks, supra.

■ We are unable to agree that the court in refusing to permit appellant to amend his pleadings after verdict has abused his discretion. Appellee may very conceivably have failed to fully develop his case in reliance on the point that appellant's pleadings would not support a judgment.

These conclusions require a reversal of the trial court's judgment, and a remanding of the cause for a new trial. It will be so ordered.

We treat the action of the trial court as arresting judgment because of insufficient pleading to support it in favor of plaintiff.

Reversed and remanded.