W. G. HARRISON, Appellant,

v.

ICT LIFE INSURANCE COMPANY,
Appellee.

No. 15954.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 12, 1958.

Rehearing Denied Jan. 9, 1959.

M. S. Church and Lee S. Bane, Dallas, for appellant.

Bowyer, Thomas, Crozier & Harris, H. T. Bowyer and William W. Sweet, Jr., Dallas, for appellee.

RENFRO, Justice.

The plaintiff appealed from a judgment of dismissal entered by the court following plaintiff's refusal to amend his petition after two of defendant's exceptions had been sustained.

Plaintiff's petition alleged a written contract with defendant dated March 1, 1955, whereby he was to perform the services of Regional Sales Manager for the defendant. He pleaded that he was to receive ¾ of one per cent of all premiums collected during the second through the tenth year of each policy issued by agents under plaintiff's supervision in plaintiff's territory, the commission to be paid quarterly, commencing June 1, 1956. Paragraph III alleged that the contract was reviewed in February, 1956, when it was agreed the contract would continue in force and plaintiff would receive a salary of $1,000 per month in addition to commissions. On January 1, 1957, the contract was again amended, increasing plaintiff's commission to one per cent on all renewal policies.

Plaintiff performed the specified services until March 13, 1957, when, without reasonable cause, his services were terminated as of May 13, 1957. The pleading alleged that "there are and should be" premiums to be collected in cash by defendant during the third through the tenth year of said policies in the total sum of $3,857,460, of which plaintiff was entitled to $38,574.60; that demand had been made on defendant for payment, but defendant repudiated the contract in full and refused to pay any part of said sum.

Paragraph IX alleged defendant also refused to pay plaintiff his salary at the rate of $1,000 per month from March 13, 1957, to May 13, 1957.

Defendant's exception No. 1 "excepts to the Plaintiff's petition for the reason that it appears from said petition that the damages claimed were based upon facts which are fully speculative and which are incapable of proof." The exception further stated it would be impossible at that time to determine what amount of premiums would be collected during the years 1957 through 1965.

Exception No. 2 stated that plaintiff sought to recover on premiums which he anticipated would be paid in the future, but failed to allege any premiums had actually been collected; that plaintiff will not be entitled to recover a commission under any circumstances until such premium upon which commission is based is actually collected by defendant.

The order of the court, entered March 6, 1958, sustained the above two exceptions, "to which action of the Court the plaintiff then and there duly excepted." The order recited that plaintiff was ordered to amend and plead further, but plaintiff refused to amend and plead further; the order concluded: "It is the further order of the Court that the plaintiff's cause of action be and it is in all things dismissed * * *," to which plaintiff excepted and gave notice of appeal.

In points one and two plaintiff contends the court erred in sustaining defendant's exception No. 1. His points must be sustained. As heretofore shown, plaintiff pleaded an agreement by defendant to pay him $1,000 per month salary in addition to commissions; that he performed the specified services; that his services were terminated as of May 13, 1957; that defendant owed him $2,000 salary for the period from March 13 to May 13.

Neither exception 1 nor 2 referred specifically to the allegation concerning salary; however, No. 1 excepted to plaintiff's "petition" because damages claimed were wholly speculative and incapable of proof. The allegations concerning unpaid salary were specific as to the agreement, the amount and time of payment. The exceptions, as applied to the cause of action pleaded for salary, were no more effective than would have been the late, but not lamented, general demurrer. The court erred in sustaining exception 1 and dismissing plaintiff's entire petition.

By counterpoint the defendant contends the plaintiff is estopped from complaining of the judgment dismissing the suit.

Defendant insists that plaintiff prepared the judgment and requested the court to sign it; that the suit was dismissed only because plaintiff asked the court to dismiss it.

The judgment of dismissal shows that the court sustained defendant's exceptions Nos. 1 and 2, to which plaintiff then and there excepted; that the court, after plaintiff refused to amend, dismissed the case, to which plaintiff excepted and gave notice of appeal. The fact that plaintiff prepared an order reflecting the correct rendition of the court's ruling does not estop him from appealing from that order, especially where the order prepared showed plaintiff excepted to the original ruling and to the order entered. By bill of exception, filed 15 days after the dismissal judgment was entered, it appears the trial court was of the opinion the exceptions applied only to such claims as had not accrued as of the time of the hearing. In this he was mistaken for exception No. 1 excepted to plaintiff's whole petition.

The court had further opportunity to amend or modify the judgment if it did not correctly reflect his ruling. After hearing arguments from both parties he elected to allow the judgment to stand as originally entered. His ruling, as shown by the bill of exception and the order entered, definitely sustained defendant's exceptions Nos. 1 and 2, which, as we have pointed out, excepted to the whole petition. It cannot be denied the petition was good as to the salary pleading as against the exceptions.

Under the record, we cannot say plaintiff led the court into error, and therefore he is not estopped from appeal.

Plaintiff's third point contends the court erred in sustaining defendant's exception No. 2.

In Pollack v. Pollack, Tex.Com. App., 39 S.W.2d 853, 855, Henry Pollack had agreed to pay Charles Pollack $5,000 per year during the natural lifetime of Charles. The contract was not performed, but breached, and Charles sued for damages for the breach. The Commission of Appeals, in an opinion approved by the Supreme Court, held: "* * * we hold that Henry, having not only failed and refused to meet the monthly payments due on the contract, but, on the other hand, having absolutely repudiated the obligation, all without just excuse, has breached the contract, and therefore Charles is entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments."

In our opinion the plaintiff's pleadings in the instant case were sufficient, under

the Pollack case, as against the exceptions leveled against it.

Since either or both parties have the right to amend prior to trial of the case on the merits, we think no useful purpose could be served in discussing all the various arguments advanced by the parties in this appeal.

Reversed and remanded.