SWIFT & COMPANY, Appellant,

v.

Coy BENNETT, Appellee.

No. 7521.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 5, 1963.

Rehearing Denied Dec. 3, 1963.

Jack Neal, Ramey, Ramey & Neal, Sulphur Springs, for appellant.

Woodrow H. Edwards, Mt. Vernon, Howard S. Smith, Sulphur Springs, for appellee.

CHADICK, Chief Justice.

This is a breach of warranty case. A jury determined the six special issues submitted favorably to the plaintiff and judgment was entered accordingly. The trial court judgment is affirmed.

In the trial court at the completion of plaintiff's proof in chief the defendant, Swift and Company, moved for instructed verdict. The motion, which was denied, was grounded in part upon the defects in the plaintiff Coy Bennett's trial pleadings. The defects relied upon had been pointed out by special exceptions and the exceptions overruled prior to trial on the merits. At the end of all testimony a second motion was made for instructed verdict presenting the same grounds with respect to the pleadings. This second motion was denied. The jury thereafter reported its verdict. The defendant then moved for judgment notwithstanding the verdict and urged again, among the grounds therefor, defects in the pleading as first pointed out by the special exceptions. This motion was overruled. No motion for new trial was filed in the trial court.

Swift and Company, the appellant, by its first point of error, delineates its position to be that the trial judge erred in overruling Swift's motion for judgment notwithstanding the jury verdict because the trial pleadings failed to state a cause of action upon which the plaintiff could recover. The argument under the point urges defects in the plaintiff's pleading to which it leveled special exceptions.

■ Chief Justice Alexander of the Waco Court of Civil Appeals, later Chief Justice of the Supreme Court of Texas, referring to the plaintiff's petition in Williams v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 135 S.W.2d 262, writ refused, said: "Since it was good as against a general demurrer, the defendant could not take advantage of any irregularity therein merely by requesting an instructed verdict or by motion non obstante veredicto". This statement is followed in the text of his opinion by the reasons for the rule under the procedural practice at that time. Judgments, 33 Texas Jurisprudence 2d, Sec. 77, p. 591 contains this statement of the rule applicable in a review of the question presented:

"The rule authorizing the rendition of a judgment notwithstanding the verdict is not designed to permit a party to have a judgment on the merits of the case rendered in his favor merely because of defects in his opponent's pleadings. Thus if a pleading states a cause of action, the defendant may not take advantage of irregularities therein by a motion for judgment notwithstanding the verdict."

See also Citizens State Bank of Houston v. Giles, Tex.Civ.App., 145 S.W.2d 899, error dismissed; 4 McDonald's Texas Civil Practice, Sec. 17.32, p. 1412. In different language but consistent with present Rules of Civil Procedure, the rule applicable in this case may be worded as follows: Defects of a nature that render pleadings incapable of supporting a judgment constitute grounds for judgment notwithstanding a verdict, but mere irregularities in pleadings will not sustain the motion.

■ The question for decision is whether or not the plaintiff's amended and supplemental trial pleadings are capable of supporting the judgment entered. An action for breach of warranty is governed by the general rules of pleading. It is suffi-

ciently stated when it alleges the existence of a warranty, the warranty's breach and damages arising therefrom. See cases cited in the footnotes to Sales, Texas Jurisprudence 2d., Sec. 347, p. 724, and 77 C.J.S. Sales § 362, p. 1273. The language used in the pleadings is to be given its customary meaning and the averments are to be accorded their logical and obvious intendments and implications.

Plaintiff's trial pleadings, his first amended original petition and petitions supplementative thereto contain the averment that in 1961 at the time of and as a second application of an insect poisoning manufactured by defendant was being made, in the course of an insect control program undertaken by plaintiff upon his 202 acre cotton field, the defendant's agent advised plaintiff that a different brand of insecticide from that being applied, but also manufactured by the defendant, was "more suitable and a much better product for the job at hand". There follows an allegation that the agent warranted the fitness and suitability of the insecticide plaintiff was advised to use for the use to be made of it, and the remainder of the field, 161 acres, was poisoned with such product. The pleadings say that immediately after application of the recommended product the cotton bolls began falling from the cotton stalks and the 161 acre tract was "practically stripped of bolls". Referring to this last condition the pleadings allege that no valid or reasonable explanation existed for the cotton plants shedding the bolls but the application of the insecticide specified by the agent and used upon the 161 acre field. Elsewhere in the pleadings are allegations of the 1961 production from the 161 acres of cotton and from the remaining 41 acres which did not receive the last mentioned insecticide application, and of the loss of profit from the cotton crop occasioned by the use of the insecticide in question, etc.

■ Coy Bennett's pleadings are sufficient to support the judgment entered. The point briefed asserts error in overruling the defendant's motion for judgment notwithstanding the verdict. Special exceptions to the plaintiff's pleadings were filed by the defendant and overruled by the trial judge, but this action was not assigned as error in a motion for new trial nor presented by points in appellant's brief. The trial judges did not commit error by overruling the motion for judgment notwithstanding the verdict. The point is overruled.

■ The second point briefed asserts as error the trial judge's action in overruling defendant's motion for judgment notwithstanding the verdict because no special issue was submitted to the jury to determine whether or not the defendant warranted that the insecticide in question was suitable and fit for the purpose to which it was to be put. The absence from the appellate record of a statement of fact deprives this court of the means of appraising the merit of the point. See Appeal and Error, 3 Texas Jurisprudence 2d, Sec. 458, p. 707. The record presented requires that all issues material to the judgment rendered be treated as having support in the evidence. The point is overruled.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

■ The original opinion characterizes this as a breach of warranty case. Perhaps a better understanding of the original opinion and the result reached will be fostered by specifically relegating the case to one division of that general classification. As the pleadings are understood the appellee, Coy Bennett, plead a contractual warranty and sought special, sometimes called consequential, damages for its breach. See Jones v. George, 61 Tex. 345. Contractual law governs in such cases, and the injured party's redress, if any, must be in accordance with the law of contract. Brown v. Howard, Tex.Civ.App., 285 S.W.2d 752, N.R.E., distinguishes between true contractual breach of warranty cases such as this, and implied warranty cases such as Decker &

Sons v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, as well as another division of implied warranty cases epitomized by Brown v. Howard.

If the procedural bar discussed in the original opinion did not exist and Swift & Company's special exceptions to Bennett's petition could be considered, a result different from that ordered would not be proper. Coy Bennett declared on a theory of contractual breach, while Swift & Company treated the petition as an effort to state an action of implied warranty in which negligence of the manufacturer is an element. The special exceptions to the petition were not well taken.

Appellant's motion for rehearing is respectfully overruled.