**J. B. MARION et al., Appellants,**

v.

**Horace HUTTON et al., Appellees.**

**No. 7312.**

Court of Civil Appeals of Texas,

Amarillo.

Dec. 16, 1963.

Rehearing Denied Jan. 13, 1964.

 

CHAPMAN, Justice.

This is another of a myriad of cases that have been appealed to us and, according to a statement of appellants' attorney made in oral argument are in the process of being appealed to us, from judgments based upon jury verdicts rendered against J. B. Marion d/b/a J. B. Marion & Company upon breaches of written contracts to purchase at designated prices cotton grown by farmers in 1961. The plaintiffs-appellees here are Horace Hutton and others. In this case judgment was taken against J. B. Marion and Jack Marion, jointly and severally, and both have appealed.

The first three points raise the question of whether there was any probative evidence to substantiate appellees' compliance with the conditions of the contract, precedent to a recovery for breach thereof. The specific question raised is that there was not any probative evidence that the cotton was ginned either through Moss Cleaners or Continental Cleaners, one of the requirements in the written contract.

The grower of the cotton, Horace Hutton, testified:

"Q All right. Did all of these gins use either Continental or Moss Lint Cleaners?

"A They did, definitely did. At least, they told me they had them in there, I didn't go in all those gins to see if they did but they said they had them in there. They were all good gins."

There were no objections whatever made to the testimony and no cross-examination of the witness on the subject. Appellants contend the testimony alone of a party to the suit does no more than raise a fact issue and that the testimony being hearsay was insufficient upon which to support a verdict and judgment.

These are general rules of law but both have well-known exceptions. Cochran v. Wool Growers Central Storage

---

Edward W. Napier, Lubbock, for appellants.

Nelson, McCleskey & Harriger, Lubbock, for appellees.

Co., 140 Tex. 184, 166 S.W.2d 904; Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., 96 S.W.2d 788 (N.W.H.); and McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 support the exceptions to the general rule first stated. In the last cited case the Supreme Court held: "Where the testimony of an interested witness is uncontradicted, is clear and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto." We believe the testimony here sufficiently conforms to the exceptions to the general rule.

In answer to the question concerning the lint cleaners in the gins used, the witness said: "They did, definitely did." The remainder of the answer indicates hearsay, and that brings us to the question of the probative quality of that testimony. As stated above, there are also exceptions to the hearsay rule.

This was testimony that unquestionably could have been easily refuted had it not been true, but appellants did not even object to the hearsay statement.

Where the gin manager of a cotton company testified that certain bales of cotton were completely destroyed in Greenville, Texas, when it appeared he was not even in Greenville on the date of the fire and the testimony was objected to as hearsay, our Supreme Court in Missouri Pac. Ry. Co. v. Sherwood, 84 Tex. 125, 19 S.W. 455, 17 L.R.A. 643, said: "The cross-examiner did not sufficiently probe the sources of the witness' knowledge to justify us in holding that it was founded entirely on hearsay, rendering his testimony inadmissible." The witness being a farmer in the community could, for example, very well have seen the Moss or Continental Cleaners being installed, unloaded, or observed advertising on the gins giving the name of the lint cleaners used.

It has been stated textually, that failure to make proper objection to evidence which is inadmissible because in violation of one of the exclusionary rules may be relied upon to the extent of its probative value and may support a finding of fact or verdict. Texas Law of Evidence, McCormick & Ray, Volume 1, Second Edition, Section 31, Page 32. Appellants no where in the record contend that the lint cleaners were not in the gins but obviously attempted to "lay behind a log" in the hope that the testimony offered in that connection would be held by the courts to be insufficient.

■ We therefore hold that this testimony, under the record made in this case, established as a matter of law that the cotton was ginned at a gin using either Moss or Continental Cleaners. In any event, it was sufficient to raise a fact issue upon which the court could have made an implied finding. The trial court obviously considered, in the absence of an objection, that the fact was proved as a matter of law, since he did not submit an issue on the question. Even if he should have his failure to do so is not raised on motion for new trial. "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." Rule 374, Vernon's Ann. Texas Rules of Civil Procedure; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887. In this appeal, the judgment having been based upon a jury verdict, the question should have been raised in the motion for new trial as a prerequisite to raising it on appeal. Rule 324 V.A.T.R.

■ The next point urged is that the trial court erred in rendering judgment against Jack Marion.

The record shows a stipulation that "* * * for the purposes of this law suit and the issues involved * * *" J. B. Marion & Co. include Jack Marion and J. B. Marion. The testimony shows J. B. Marion & Co. breached the contract sued upon, so we believe the point is without merit.

Accordingly, the judgment of the trial court is in all things affirmed.