FIRST AMERICAN LIFE INSURANCE COMPANY, Appellant,

v.

C. R. SLAUGHTER, Appellee.

No. 14664.

Court of Civil Appeals of Texas.

Houston.

Feb. 10, 1966.

Second Rehearing Denied March 24, 1966.

Sears & Burns, Robert L. Burns, B. T. McDaniel, Houston, for appellant.

William KeyWilde, Ronald C. Kline, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit by appellee on a contract, by the terms of which he was employed by appellant as Director of Agencies, to recover commissions on renewal premiums, paid, and to be paid in the future, on policies of insurance issued by appellant during the period of employment.

The principal question involved is whether appellant's point on appeal complaining of the action of the trial court in rendering judgment for appellee for the present value of commissions, which under the terms of the contract were payable when collected, can be considered in the absence of a motion for new trial, the case having been tried to a jury.

The only issue submitted to the jury concerned the present value of commissions to

become due in the future. Appellant objected to the charge for the reason that it failed to submit the ultimate issue as to whether or not appellant had breached or repudiated its contractual obligation to pay commissions on renewal premiums to appellee. Other objections to the charge were made, including one reading:

"7. The Court cannot properly submit this issue without first submitting the following issues on ultimate facts:

(a) Do you find from a preponderance of the evidence that the Defendant has totally repudiated its obligation to pay to Plaintiff commissions on renewal premiums at such time and times as such renewal premiums are paid to Defendant on the policies written during the period from April 1, 1962 to August 17, 1962?

(b) If you have found that the Defendant has totally repudiated its obligation to pay to Plaintiff commissions on renewal premiums at such time or times as such renewal premiums are paid to Defendant, on what date do you find from a preponderance of the evidence that the Defendant totally repudiated such obligation?"

After the verdict of the jury was received, appellant filed its motion for judgment notwithstanding the verdict, pointing out to the court that the charge in effect instructed the jury that appellant had repudiated its contractual obligation to pay commissions to appellee on renewal premiums at the time of collection constituting an anticipatory breach of contract so as to entitle appellee to recover now the present value of future commissions. The motion then set out appellant's contention that there was *no* evidence that appellant had repudiated such obligation and that the undisputed testimony showed that appellee had caused a controversy by claiming that he had a contract for employment for one year; that appellant in good faith disputed this claim, but was willing to discuss making payments to appellee and had never denied nor repudiated its obligation to pay com-

missions to appellee on policies written during his period of employment. The motion pointed out that the contract provided that appellant could hold present and future commissions due appellee for debts due to appellant from appellee, and that while commissions accrued to appellee on premiums paid on policies written during the period of his employment, appellee had also become indebted to appellant during such period in an amount in excess of the commissions payable. It also brought to the court's attention that in appellant's first amended original answer appellant alleged that it owed appellee the sum of $5,618.76 and that appellee owed it $3,797.50, and that appellant tendered to appellee the difference, $1,821.26, or such amount as the court might find to be the difference. Appellant prayed, in the alternative, that the verdict of the jury be disregarded and that judgment be entered awarding appellee the sum of $1,821.26.

The only evidence of an anticipatory breach of this contract lies in appellee's testimony that no commissions were paid him after the termination of the contract by appellant and that he made a demand for payment. There is evidence which would have supported a jury finding that the contract was not breached by appellant.

Two of appellant's points on appeal read:

"Special Issue Number One and the jury's answer thereto are irrelevant and immaterial because there is no evidence (or at least no undisputed evidence) that appellant repudiated its contractual obligation to pay commissions to appellee. Being irrelevant and immaterial, such answer does not support the judgment and the trial court erred in refusing to disregard such answer and in refusing to render judgment that appellee take nothing.

"* * *

"The trial court erred in finding as a matter of law that appellant had repudiated its obligation to pay commissions to appellee so as to cause an anticipatory breach of the

contract of employment, and erred in entering judgment on such finding for appellee."

It is appellee's contention that these points can only be preserved in a motion for new trial. He reasons that even though a fact issue as to anticipatory breach was present, it was waived by appellant's failure to set up the ground of error in a motion for new trial, citing Rules 324 and 374, Texas Rules of Civil Procedure, Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Marion v. Hutton, 374 S.W.2d 284, Tex. Civ.App.1963, error ref., n. r. e., and other cases.

Rule 324, supra, provides:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that it shall not be so prerequisite where * * * a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or a motion for judgment on the verdict is made by the party who becomes appellant and is overruled; * * *."

■ In Wagner v. Foster, supra, the Supreme Court held:

"The purpose of the quoted provision of Rule 324 as it relates to a party whose motion non obstante veredicto is denied is to authorize appeal on the grounds stated in the motion without the necessity of incorporating the grounds in a motion for new trial. It was not the purpose of that language to eliminate the necessity for complaining in a motion for new trial of other errors committed on the trial. A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. If he follows that course, *he may complain on appeal only of the denial of the motion non obstante veredicto.*" (Emphasis supplied.)

In McPherson v. Black, 346 S.W.2d 615, Tex.Civ.App.1961, error ref., n. r. e., in an opinion by Associate Justice Wilson, the Court stated:

"In the absence of a motion for new trial and a statement of facts, the only point presented which is properly preserved for review which we are authorized to consider under the record, is that which asserts the verdict does not support the judgment. * * *

"Rule 307 must be here construed in connection with Rule 279. In the absence of a statement of facts, and absent objection or request, we think it is to be here presumed that independent grounds of recovery on which no issue was submitted or requested were conclusively established under the evidence; and that the evidence did not make such grounds issuable. See Willeke v. Bailey, 144 Tex. 157, 189 S.W.2d 477, 480. Such grounds, presumed to be conclusively established, are not waived, under Rule 279, as appellant contends. That rule effects waiver only of such independent grounds of recovery as are 'not conclusively established under the evidence,' and we are required to presume under our record that they were so established."

We infer from this decision that had there been proper objections to the court's charge there would be no presumption that the independent ground of recovery was conclusively established under the evidence, and that in such case, the unsubmitted ground of recovery would be waived under Rule 279, T.R.C.P., providing:

"* * * Failure to submit an issue shall not be deemed a ground for reversal of a judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party. * * *

"Upon appeal all independent grounds of recovery * * * not conclusively estab-

lished under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery * * * consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court * * * may * * * make and file written findings * * *, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment. * * *"

In Pelham Manufacturing Company v. Ridlehuber, Tex.Civ.App.1962, error ref., n. r. e., 356 S.W.2d 502, in a case where the defendant's motion non obstante veredicto (found by the court to be in fact a motion to disregard the answer made by the jury to one of the issues because the answer was supported by no evidence) was denied, the Court held a motion for a new trial was not a prerequisite for appeal even though the party presenting the motion to disregard was not entitled to an instructed verdict, where a different judgment would have been required if the motion had been granted.

■ A jury finding on an immaterial issue should be disregarded by the trial court since it cannot affect the judgment to be entered. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Jones v. English, Tex.Civ.App.1954, 268 S.W.2d 686, rev'd on other grounds, English v. Jones, 154 Tex. 132, 274 S.W.2d 666; Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073, error ref.; T. & N. O. Ry. v. Shaw, Tex.Civ.App., 284 S.W. 600, error dism. If the jury verdict, together with such findings as are required by the undisputed evidence, will not support a judgment for the plaintiff, a motion non obstante veredicto presented by the defendant should be sustained. Jemerson v. Houston-American Finance Corpora-

tion, Tex.Civ.App.1961, 351 S.W.2d 574; English v. Blackwood, Tex.Civ.App., 128 S.W.2d 895, dism. judg. correct; Talley v. Bass-Jones Lumber Co., Tex.Civ.App., 1943, 173 S.W.2d 276, error ref.

■ In this case it is clear that the contract required appellant to pay to appellee a commission on premiums collected for certain insurance policies issued by the company while appellee was agency director, but such commission was not to be paid until collected. Before appellee was entitled to recover the present value of commissions to accrue in the future, it was necessary for him to establish an absolute repudiation of the obligation to pay on the part of appellant. Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853; Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43, 173 A. L.R. 968; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405; Harrison v. I. C. T. Life Insurance Co., Tex.Civ.App., 319 S.W.2d 372, error ref., n. r. e. Viewing the evidence in the light most favorable to appellee, this was a disputed issue of fact, which was not submitted to the jury. Appellant's objections to the charge of the court pointed out the omission and the necessity of securing such a finding as a basis for recovery of the present value of commissions to accrue in the future. Having made such an objection, the trial court was not authorized to make written findings in support of the judgment, nor can any such findings be presumed. Glens Falls Ins. Co. v. Peters, Tex., 386 S.W.2d 529; Land v. Turner, Tex., 377 S.W.2d 181; Rule 279, supra.

Appellant's motion for judgment non obstante contained an alternative plea that the issue on commissions to accrue in the future be disregarded and that judgment be entered for appellee for commissions which appellant admitted to be due appellee at the date of trial, $1,821.26. This motion should have been sustained since appellee had failed to establish the facts necessary to support a judgment for a greater sum. These matters were presented to the trial court

and no useful purpose would have been served by again presenting them in a motion for new trial. American General Ins. Co. v. Beare, Tex.Civ.App.1950, error ref., n. r. e., 225 S.W.2d 454; Jemerson v. Houston-American Finance Corp., Tex.Civ.App. 1961, 351 S.W.2d 574; Wooley v. West, Tex.Civ.App.1965, 391 S.W.2d 157, error ref., n. r. e.; Swift & Co. v. Bennett, Tex. Civ.App.1963, 373 S.W.2d 569, error ref., n. r. e.

In Lovell v. Stanford, Tex.Civ.App.1964, 378 S.W.2d 399, a rear-end collision case involving three cars, the trial court submitted only damage issues. One of the defendants, Marcus, filed no motion for new trial, but he did file a motion for judgment. The Court of Civil Appeals held that the evidence established that Marcus was negligent as a matter of law and that his negligence was a proximate cause of the injuries sustained by the plaintiffs and affirmed the judgment. The Supreme Court granted a writ of error and, in Lovell v. Stanford, Tex., 386 S.W.2d 755, reversed and remanded the case, holding that neither negligence nor proximate cause was established as a matter of law. The opinion states:

"It was error for the trial court to fail to submit to the jury issues inquiring as to the negligence of each of the defendants, and if such negligence, if any, was a proximate cause of the injury and damages suffered by the plaintiffs. For this error the judgment must be reversed and the cause remanded to the trial court.

"Defendants pointed out this defect in their separate motions for judgment and to disregard the jury answers to the damage issues."

The judgment of the trial court is reversed and judgment is here rendered for appellee in the sum of $1,821.26. This action shall not prejudice the right of appellee to collect in the future such commissions as may be due him in the future, or as may have accrued since the date of trial. All costs in the trial court and in this court are taxed against appellee.

Reversed and rendered as modified above.

On Motion for Rehearing

 Appellee has pointed out to this Court that the principal costs incurred in the trial court was the auditor's fee; that the trial court taxed this fee as costs of court and ordered that the costs be paid one-half by each party; and that no objection to this method of taxing the costs was made on appeal. It appearing to the Court that the auditor's services were beneficial to both parties and that the trial court's action in this regard was proper, the motion for rehearing is granted in part and the judgment is modified to the extent that costs in the trial court are taxed one-half to each party and the costs on appeal are taxed against appellee. In all other respects appellee's motion for rehearing is denied.