**W. W. JAMISON et al., Appellants,**

**v.**

**Don K. SOCKWELL, Appellee.**

**No. 16753.**

Court of Civil Appeals of Texas.

Dallas.

June 17, 1966.

Rehearing Denied July 15, 1966.

Burt Barr, Dallas, for appellants.

Woodruff, Hill, Bader & Kendall and Bill Cox, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment in favor of appellee Don K. Sockwell for actual and exemplary damages alleged to have resulted from the sale by appellants to appellee of a stolen automobile, which sale was brought about by the fraudulent misrepresentations of appellants as to the ownership and history of the vehicle. Appellants are W. W. Jamison and W. W. Jamison, Jr., doing business as Truck Equipment Sales Company.

Appellee testified that while living in Greenville, Texas he saw an advertisement in a Dallas newspaper of a 1962 Thunderbird automobile offered for sale by appellants. After a telephone conversation W. W. Jamison, Jr. brought the car to Greenville for appellee's inspection. According to appellee Jamison, Jr. represented that he had bought the car brand new and had owned it ever since. Appellee liked the automobile and arranged to borrow the

purchase price, $2,200, from his Credit Union. Thereafter, on November 18, 1964, he made a down payment of $200 plus $45 taxes and transfer costs. When asked for the title papers W. W. Jamison, Jr. said that he had left them at home.

About one month later appellee received a certificate of title from the State Highway Department showing Truck Equipment Sales Company to have been the previous owner and appellee as the present owner.

In March 1965 three men engaged in an investigation of a stolen car contacted appellee. They were the Chief of Police of Greenville, Texas, Officer H. H. Stedham of the Dallas Police Department and Special Agent Royce Calvert of the National Automobile Theft Bureau. Tapes were taken of the public and confidential numbers on the automobile. Officer Stedham had seen an automobile in Dallas in such badly burned and damaged condition that except for the front end assembly it could not be further used. The public patent plate on the burned car bore the same number as the public patent plate on appellee's car, but the confidential numbers on the two vehicles did not coincide. Stedham and Calvert continued their investigation, some of their inquiries extending to Houston, Texas. Shortly thereafter the Police Department took the car away from appellee as a stolen vehicle.

Appellee further testified that he thereafter contacted W. W. Jamison, Jr., who told him that he, Jamison, Jr., was sorry that it had happened, that he was sorry it was a stolen car, and would try to work something out, maybe pay it out on a monthly basis, and that he had been taken in by the people from whom he had bought it.

Appellee testified that after talking to W. W. Jamison, Jr. many times over a period of about two and a half months he talked to W. W. Jamison, Sr., who said he knew all about the situation. How-

ever, nothing was ever done about it by appellants. Appellee at the time of the trial was still paying $84 per month to the Credit Union on his loan of the money with which he paid for the car.

The testimony of Officer Stedham and Special Agent Calvert as to their part in the case corroborates the testimony of appellee. Much of their proffered testimony in regard to the details of their investigation was excluded on the ground that it was hearsay. However, they were permitted to testify that in their opinion the car in question was a stolen car.

W. W. Jamison, Jr. testified as an adverse witness called by appellee. The substance of his testimony was that he sold the car to appellee for $2,200 and that so far as he knew his company received the money.

A jury found that (1) appellee failed to get good title because the automobile in question was a stolen car; (2) appellee paid $2,245 to appellants for the car; (3) appellant W. W. Jamison, Jr. represented that he had bought the car new and had owned it since; (4) the representation was false; (5) it was made to induce appellee to buy the automobile; (6) appellee relied on the truth of the representation; (7) it was a material inducement; and (8) $3,000 was awarded to appellee as exemplary damages.

Appellants' first three points on appeal complain of the court's error in refusing to instruct a verdict and in rendering judgment for appellee when the undisputed evidence showed that appellee purchased the car from appellants without receiving a certificate of title, thereby violating Art. 1436–1 of the Penal Code of Texas, Vernon's Ann.P.C.

Section 53 of Art. 1436–1 of the Penal Code is as follows:

"All sales made in violation of this Act shall be void and no title shall pass

*until the provisions of this Act have been complied with."* (Emphasis ours.)

The answer to appellants' first three points is that appellee did comply with Section 53 of the statute. About a month after November 18, 1964 when he took possession of the car and paid the full purchase price to appellants appellee received a certificate of title from the State Highway Department. The certificate shows that it was issued by the Department on December 17, 1964, but it shows title from appellants to appellee as of November 18, 1964. Appellants' first three points are overruled.

In their fourth and fifth points appellants say that the court erred in allowing Officer Stedham and Special Agent Calvert, over appellants' objections, to give their opinions that the vehicle in question was a stolen car because it invaded the province of the jury.

Appellee insists that it was not error to admit the challenged testimony for three reasons: (1) appellants' objection was too general and broad to be effective, citing Hooten v. Dunbar, Tex.Civ.App., 347 S.W.2d 775 (err. ref., n. r. e.); (2) the grounds of the objection are unsound, citing McCormick & Ray, "Texas Law of Evidence," Section 1395; and (3) appellee's uncontradicted testimony was that appellants admitted to him that the car was stolen and W. W. Jamison, Jr. even promised return of the money paid by appellee.

We shall not concern ourselves with the first and second reasons advanced by appellee for we are convinced that his third reason alone is sufficient to require us to hold that the admitting of the testimony was not reversible error.

The substance of appellee's uncontradicted testimony is that appellants admitted in substance that the automobile was a stolen car and the representations as to title made by W. W. Jamison, Jr. were false. Ordinarily the uncorroborated testimony of an interested witness does no more than raise a fact question. But if such testimony by an interested witness is clear, direct, positive and free of contradiction and there are no circumstances that tend to cast suspicion on it, the testimony must be accepted as true as a matter of law and no issue of fact is created for the jury. This is especially so when the testimony is of a character that permits of ready disparagement if untrue and the adverse party offers no disparaging proof. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 136 S.W.2d 207 (Comm.App., opinion adopted). See also Lotspeich v. Chance Vought Aircraft, Tex.Civ.App., 369 S.W.2d 705 (ref., n. r. e.); Marion v. Hutton, Tex.Civ.App., 374 S.W.2d 284 (ref., n. r. e.); Armstrong v. West Texas Rig Co., Tex.Civ.App., 339 S.W.2d 69 (ref., n. r. e.); Bayou Drilling Co. v. Baillio, Tex.Civ.App., 312 S.W.2d 705 (ref., n. r. e.); and McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (Comm.App., opinion adopted); 24 Tex.Jur.2d 376.

In the instant case appellant W. W. Jamison, Jr. was present at the trial and appeared as a witness. But he did not deny or contradict appellee's testimony as to his misrepresentations or appellee's testimony that he in substance admitted that he had sold a stolen car to appellee; and he even indicated a willingness to make restitution. Under the circumstances appellee's testimony, though it comes from an interested witness, must be accepted as true. The opinion testimony of Stedham and Calvert, since it merely referred to an undisputed fact, would therefore have to be regarded as harmless error if we were to hold that it was error. Rule 434, Vernon's Texas Rules of Civil Procedure. Appellants' fourth and fifth points are overruled.

In their sixth and seventh points appellants assert that the court erred in submitting Special Issue No. 1 because it is a

comment on the weight of the evidence and places a greater burden on appellants than required by law.

Special Issue No. 1 was as follows:

"Do you find from a preponderance of the evidence that plaintiff Don K. Sockwell failed to get good title to the Thunderbird automobile in question because it was a stolen car?"

■ ■ Appellants argue that Special Issue No. 1 as drawn assumes that the car was stolen, which is a fact issue. Whatever may be the defects of the special issue as framed, they did not constitute reversible error under the circumstances disclosed by the evidence in this case. In overruling appellants' fourth and fifth points we held that the evidence was undisputed and conclusive that the automobile was a stolen car. Therefore, it was not error for the court to assume that fact in submitting Issue No. 1. Applebaum v. Michaels, Tex.Civ.App., 384 S.W.2d 148 (ref., n. r. e.); Collier, et ux. v. Hill & Hill Exterminators, 322 S.W.2d 329, 73 A.L.R. 2d 1141 (Tex.Civ.App., no writ hist.); De Kalb Hybrid Seed Co. v. Agee, Tex. Civ.App., 293 S.W.2d 64, 69 (ref., n. r. e.); Foster v. Woodward, Tex.Civ.App., 134 S.W.2d 417, 420 (error ref.); 57 Tex.Jur. 2d 183. Certainly if appellee purchased a stolen car he failed as a matter of law to get a good title. Appellants' sixth and seventh points are overruled.

■ In their eighth point appellants claim that the court erred in rendering judgment for exemplary damages because there was no proof of any inconvenience to appellee except that he had to get his pickup truck fixed.

There is no merit in appellants' eighth point. In their motion for new trial appellants attack the award of exemplary damages only on the ground that "there was no proof as to any inconvenience due plaintiff except he had to get his pickup truck fixed." This is not a sufficient ground to constitute error in awarding exemplary damages. Appellants' eighth point is overruled.

Failing to find reversible error in the record, we affirm the judgment.

Affirmed.